**UNITED STATES of America,**
Appellee,

v.

**Joseph RICHIE, Appellant.**

**No. 11521.**

United States Court of Appeals
Third Circuit.

Argued April 21, 1955.

Decided May 18, 1955.

Donald J. Goldberg, Philadelphia, Pa., for appellant.

Robert J. Spiegel, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant was convicted of Mann Act offenses, 18 U.S.C. § 2421 et seq., committed in the months of March and April, 1952. He contends that he was charged with a single crime during each of those months but that the Government's trial evidence showed the perpetration by him of several offenses during each of the particular months. He says that because of this, since he was prepared to defend against one offense in March and one in April, he was surprised and unable to interpose a defense. His chief complaint is that the Government proved too much. Actually no affirmative defense was presented at all.

Concededly the original indictment was not specific enough. The reason for this, as clearly appears from the record, was the difficulty of obtaining full and precise information from the unfortunate victim. The Government attorneys agreed with counsel for the defense to make the dates as definite as they possibly could. As a result a new indictment was filed. Following that there was no motion for a bill of particulars or to quash. At the trial the defense had no objection to the charging of the alleged offenses as within certain periods. The above mentioned objection goes to the proof of more than one offense during each of the two pertinent months and not to the lack of specific dates in the indictment.

The new indictment in the here pertinent counts [1] charged "That during March of 1952, the exact date *or dates* being presently to this Grand Inquest unknown, Joseph Richie, * * * did knowingly and unlawfully transport in interstate commerce by means of a motor vehicle, a certain woman, * *." (Emphasis supplied.) The language as to the April charge is similar. The language "date or dates" put the defendant on notice that there might be evidence of more than one statutory transportation within the stated period. The problem, if any, in connection therewith could have been promptly resolved by a demand for particulars or even conferring with the district attorney. Counsel were not dealing at arm's length. Such a conference had already produced a voluntarily redrafted indictment.

The Government frankly states that the counts at issue are duplicitous in that they charge more than one offense in each count. But, it soundly argues, the remedy for that was prior to trial by motion to dismiss the indictment on that ground. Failure of the defendant to so move is a waiver of such objection. Rule 12, Federal Rules of Criminal Procedure, 18 U.S.C.; United States v. Nickerson, 7 Cir., 1954, 211 F.2d 909; Witt v. United States, 9 Cir., 1952, 196 F.2d 285, certiorari denied 1952, 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 644; Beauchamp v. United States, 6 Cir., 1946, 154 F.2d 413, certiorari denied 1946, 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626.

Appellant's brief admits that all of the counts at issue are open to the in-

---

1. This case was tried to the court sitting without a jury. Appellant was convicted on seven of nine counts in the indictment. On three of these, Counts 3, 6 and 9, the Government now confesses error because common carrier transportation was an essential ingredient of the offenses charged in those counts and there was no trial proof of this.

terpretation of charging the appellant with every separate offense committed in the particular month but suggests that they "may be construed to speak of one 'transportation' in each month, and a defendant has the right to expect good pleading on the part of the Government." It is inescapable that the indictment language did at least raise the strong inference that it was accusing appellant of several crimes during both March and April of 1952. And it is self evident that if he had in some fashion become satisfied he was being charged with only one offense for each month, since there was no specific date named in the indictment for either month and since he was content with that picture, of necessity he would have been forced to prepare his defense with respect to every single day in the two named months. In view of all the circumstances he was therefore not seriously prejudiced by the language of the indictment or by the proofs under it; nor were his rights substantially affected. Rule 52(a), Federal Rules of Criminal Procedure; Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Kreinbring v. United States, 8 Cir., 1954, 216 F.2d 671.

It might be well to emphasize that the duplicity argument against the indictment relates solely to each of the remaining counts charging more than one offense. Though Counts 4 and 5 each cover a different phase of the statute it is not disputed that they relate to the identical March transportation. There is a similar situation regarding Counts 7 and 8 for April.[2] The appellant himself states this was "in order to meet the evidence which may be adduced at the trial, so as to avoid an acquittal by reason of any unforeseen lack of harmony between allegation and proof. See United States v. Hunt [7 Cir.], 120 F. 2d 592, 593."

■ Appellant's final contention is that the conviction subjects him to the possibility of double jeopardy. He need have no concern regarding this. He was indicted and convicted of Mann Act transportations of a named victim in March and April of 1952. The record indicates that testimony relating to all of the crimes which were reasonably capable of proof was presented at the trial. The Government's firm and fair position is that this was its intention; that it is bound by the indictment and the proofs; that appellant could not be subject to further trial for Mann Act transportation of the particular person during the months involved. We agree.

The judgment of conviction will be reversed as to Counts 3, 6 and 9[3] and affirmed as to Counts 4, 5, 7 and 8.

---

**2.** The sentence on each count runs concurrently with the others.

**3.** See footnote 1, supra.