Pasquale MASI, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15430.**

United States Court of Appeals
Fifth Circuit.

June 15, 1955.

Pasquale Masi, in pro. per.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

In 1948 appellant, with others, was indicted for conspiracy to violate what was then 18 U.S.C. § 265,[1] which Section defined the substantive offense of possessing and uttering counterfeit obligations. Specifically, the indictments charged that the defendants conspired (a) unlawfully to possess counterfeit obligations, (b) unlawfully to publish as true said obligations, and (c) unlawfully to possess with intent to publish as true said obligations, in each instance, "in violation of Title 18 U.S.Code, Section 265." The formal conclusion of the indictment was "contrary to the form of the statute in such case made and provided (18 U.S.C. § 88[2]) and against the peace and dignity of the United States of America." At that time, Section 88 was a general conspiracy statute proscribing and penalizing conspiracy to commit any offense, and was punishable by imprisonment for a maximum of two years. Title 18 U.S.Code, § 294 was in part concerned with counterfeiting and proscribed conspiracy to counterfeit and was punishable by imprisonment for a maximum of fifteen years. Appellant was sentenced to imprisonment for seven years. He now files a motion under 28 U.S.C. § 2255, claiming that the sentence was in excess of the maximum authorized by law. He alleges that he relied upon the references in the indictment, and thinking that the maximum sentence would be two years, and already facing a thirteen years sentence by a state court, he passed up an opportunity to plead nolo contendere and get an eighteen months sentence, and he also allowed himself to be poorly defended by a court-appointed lawyer. He claims that, if he had realized that the more serious crime was charged and that he could be sentenced under Section 294, he would either have pleaded nolo contendere and submitted to an eighteen months sentence, or would have borrowed money and hired a "first grade" lawyer and put up a "first grade" defense.

As between the two statutes, Section 88 punishing conspiracy to commit any offense and Section 294 punishing conspiracy to counterfeit, the particular is entitled to preference over the general statute. Price v. United States, 5 Cir., 74 F.2d 120. Congress evidently intended to provide for a greater punishment for conspiracy to counterfeit than for conspiracy to commit other offenses.

The law is well settled that the statute on which an indictment is founded must be determined from the facts charged in the indictment, and the facts as pleaded may bring the offense charged within one statute, although another statute is referred to in the indictment. William v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Nixon, 235 U.S. 231, 235, 35 S.Ct. 49, 59 L.Ed. 207; United States v. Hutcheson, 312 U.S. 219, 229, 61 S. Ct. 463, 85 L.Ed. 788; Capone v. United States, 7 Cir., 51 F.2d 609, 616, 76 A.L.R. 1534; Pickens v. United States, 5 Cir., 123 F.2d 333, 334.

The pertinent part of Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C., reads as follows:

"The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or informa-

---

1. Now 18 U.S.C. § 472.

2. Now 18 U.S.C. § 371.

tion or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Appellant relies strongly upon that Rule and strenuously insists that the error did mislead him to his prejudice. If that were true, the error could have been corrected on motion or on appeal from the original judgment and sentence. 28 U.S.C.A. § 2255 was not intended as a substitute for appeal, but was enacted to take the place of habeas corpus and has application only where the sentence is void or subject to collateral attack. Taylor v. United States, 4 Cir., 177 F.2d 194. Certainly the sentence in this case was not void nor subject to collateral attack, and the judgment denying defendant's motion under Section 2255 is therefore

Affirmed.