**William Howard DUNN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12702.**

United States Court of Appeals
Sixth Circuit.

June 18, 1956.

Earl J. Goldsmith, Jr., Cincinnati, Ohio, and William Howard Dunn, pro se, on brief, for appellant.

Edward N. Vaden, Memphis, Tenn., Warren Olney, III, Washington, D. C., Millsaps Fitzhugh, Memphis, Tenn., on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

Following trial by jury, in which appellant was represented by counsel of his own choosing, and verdict of guilty on June 26, 1953, appellant William Howard Dunn received a sentence of twenty-five years for bank robbery in violation of Section 2113, Title 18, U.S.Code. An appeal was taken to this Court. Thereafter, on appellant's motion to withdraw the appeal, an order was entered on September 18, 1953 docketing and dismissing the appeal. No. 12,030.

On October 26, 1953 and October 28, 1953, appellant addressed to an individual Judge of this Court an application and supplement thereto "seeking some relief and/or advice in the name of justice." On November 7, 1953 he filed a "Motion For Review and Relief" and requested that the three applications be consolidated into one petition for presentation. Said applications were construed as a petition for leave to appeal from an order of the District Court denying a petition for a writ of habeas corpus and on December 17, 1953 denied. No. 12,030.

On January 14, 1954, appellant filed in the District Court motion to vacate sentence under Section 2255, Title 28, U.S. Code. Upon the overruling of said motion on March 2, 1954 appellant appealed the ruling to this Court but failed to prosecute said appeal, which by order of July 19, 1954 was docketed and dismissed by this Court. No. 12,287.

On June 14, 1954, appellant filed in the District Court motion to vacate sentence under Section 2255, Title 28, U.S.Code, which was overruled by the District Court, on August 18, 1954, from which ruling an appeal was taken to this Court on September 1, 1954. Upon failure to prosecute said appeal an order was entered by this Court on April 25, 1955 docketing and dismissing the appeal. No. 12,515.

On January 26, 1955, appellant filed in the District Court motion to void judgment and discharge prisoner, which after due consideration by the Court, including a review of the previous similar applications by the appellant, was overruled on March 18, 1955.

On August 17, 1955, appellant filed in this Court a petition for Writ of Habeas Corpus, which on September 1, 1955 was denied without prejudice to the filing of such application in the appropriate district court. Sections 2241, 2242, Title 28, U.S.Code.

On April 29, 1955 and May 9, 1955, the appellant filed in the District Court his present motion together with supplement thereto to vacate the judgment under Section 2255, Title 28, U.S.Code. On May 26, 1955, the District Judge entered an order stating that in view of the previous successive applications for similar relief the Court refused to consider the motion and supplement thereto. Appellant has appealed from that order.

Appellant's contention that his present motion is based on new grounds not included in his previous motions is without merit. In our opinion, the successive proceedings seek "similar relief on behalf of the same prisoner," and under the provisions of Section 2255, Title 28, U.S.Code, it is within the sound discretion of the District Judge whether a second motion seeking similar relief should be entertained. Moss v. United States, 10 Cir., 177 F.2d 438; Shobe v. United States, 8 Cir., 220 F.2d 928, 929; United States v. Brown, 7 Cir., 207 F.2d 310; Bickford v. United States, 9 Cir., 206 F.2d 395.

In any event, appellant's criticism of the wording of the indictment was a matter to be tested by appeal, not by a motion to vacate judgment. United States v. Nickerson, 7 Cir., 211 F.2d 909; Smith v. United States, 10 Cir., 205 F.2d 768; Aaron v. United States, 4 Cir., 188 F.2d 446, certiorari denied 341 U.S. 954, 71 S.Ct. 1006, 95 L.Ed. 1376.

Appellant's additional contention that he was arraigned and required to plead to the indictment before it was returned is refuted by the record. The record shows that the indictment was returned on June 22, 1953, following which the appellant by counsel in open court waived the reading of the indictment, entered a plea of not guilty and agreed to the trial date of June 24, 1953, on which date the trial started, resulting in a verdict of guilty on June 26, 1953. Carroll v. United States, 6 Cir., 174 F.2d 412, certiorari denied 338 U.S. 874, 70 S.Ct. 136, 94 L.Ed. 536. Appellant apparently has in mind his plea in the removal proceedings on May 12, 1953 in the Eastern District of Missouri, where he was arrested on a warrant of arrest issued out of the Western District of Tennessee on April 29, 1953.

The designation by the District Judge, following removal to his district but before the return of the indictment, of a tentative trial date of June 24, 1953, which was subsequent to the consideration of the matter by the Grand Jury, either at the request of appellant's counsel or in any event without objection by him, together with the issuance of subpoenas by both the Government and the appellant on June 5th and 8th, respectively, directed to a trial on June 24th, followed by the trial on said date without objection, is not a matter reviewable by proceedings under Section 2255, Title 28, U.S.Code. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Howell v. United States, 4 Cir., 172 F.2d 213, 215, certiorari denied 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718.

The judgment is affirmed.