UNITED STATES of America,
Plaintiff,

v.

Mary Lee GARNES, Defendant.

United States District Court
S. D. New York.

Nov. 18, 1957.

Paul W. Williams, U. S. Atty., S. D. of New York, New York City, for the United States. Donald H. Shaw, Asst. U. S. Atty., New York City, of counsel.

Allin, Riggs & Monroe, New York City, for defendant. Malcolm Monroe, New York City, of counsel.

DAWSON, District Judge.

This is a motion made pursuant to Rule 34 of the Rules of Criminal Proce-

dure, 18 U.S.C. for an arrest of judgment on the ground that the Court was without jurisdiction of the offense charged.

On October 18, 1957, defendant was convicted, after a trial by court and jury, on two counts of an indictment which charged possession of heroin in violation of §§ 173 and 174 of Title 21, and §§ 4724(c) and 7237(a) of Title 26 United States Code. The third count of the indictment, which charged conspiracy to violate §§ 173 and 174 of Title 21 United States Code, was dismissed during the course of trial for insufficiency of proof.

In the course of the trial the Government offered in evidence a transcript of certain testimony given by the defendant before a grand jury, and this was objected to by the defendant. Testimony was then presented to the Court that the defendant had been told that she had "to appear before the grand jury" and that if she did not she would be subpoenaed and compelled to appear. The Court sustained defendant's objection to the introduction of her grand jury testimony on the ground that any evidence obtained from the defendant in this manner would violate that provision of the Fifth Amendment of the United States Constitution which provides that no person "shall be compelled in any criminal case to be a witness against himself." After judgment the defense brought on the present motion for an order arresting the judgment and vacating the conviction and quashing the indictment on the ground that the indictment was procured by testimony given by the defendant involuntarily and through violation of her rights under the Fifth Amendment.

The facts show that on June 1, 1957 the defendant was arrested, together with George Wilson, Frank Gayles and Norman Becknell, for violation of the Federal Narcotics Law. She was not arraigned, however, and was released the following day. After her release she cooperated with the Bureau of Narcotics in their apprehension of her source of narcotics, one Anthony Gregory.

On June 13, 1957, Agent Bailey of the Bureau of Narcotics told her that she had to appear the next day before the grand jury and testify, and if she did not appear voluntarily a United States Marshal would be sent up to get her and she would be subpoenaed to testify before the grand jury. She appeared before the grand jury on June 14, 1957. Before she testified she was advised by the Assistant United States Attorney in the following language and gave the following answers:

"Q. But I want to warn you, before you do testify, that your position is as I have described it to you the other day, that you are involved in this transaction and that you could be indicted by the grand jury, if you do testify. Do you understand that? A. Yes, sir.

"Q. Do you understand that you don't have to testify? A. Yes, sir.

"Q. Do you understand that? A. Yes, sir.

"Q. And are you willing to testify? A. Yes, sir."

At that time Mrs. Garnes was not under arrest and no charges were pending against her. As a result of the testimony presented before the grand jury on that day, an indictment was returned against George Wilson, Frank Gayles, Norman Becknell, Anthony Gregory and Billy Terrell. No indictment was returned against Mrs. Garnes; nor did the grand jury which heard this testimony ever return an indictment against her.

However, on July 30, 1957, evidence was presented before another grand jury relating to Mrs. Garnes. This testimony was given by an agent of the Bureau of Narcotics. In addition, there was presented to this grand jury, through a court reporter, the testimony which Mrs. Garnes had given before the other grand jury on June 14, 1957. This grand jury indicted Mrs. Garnes on the two substantive counts and on the one conspiracy count, on which she has now been tried. She was found guilty on the two substantive counts.

The issue presented by this motion is whether the presentation of Mrs. Garnes' testimony before the prior grand jury to the grand jury that indicted her invalidated the indictment and rendered this Court without jurisdiction to try her on the indictment. It is urged that the indictment was procured by testimony given by the defendant involuntarily and against her will, in violation of her rights under the Fifth Amendment. The Court will assume, for the purposes of this motion, that the testimony given by Mrs. Garnes on June 14, 1957, and which was read before the grand jury on July 30, 1957, was given involuntarily, despite the statement to the contrary appearing in the transcript of the grand jury minutes. We have here the case of a rather ignorant woman, who had been arrested and held in custody for a short period of time and then released, who was thereafter told that she had to testify before the grand jury. She had no lawyer at that time. It is doubtful whether this woman under the circumstances would understand when called before the grand jury that she could refuse to testify, in view of the entire background of events which had preceded her appearance before the grand jury. Does this mean, however, that any indictment which eventuated would be a nullity? The testimony which she gave before the grand jury was not used against her at the trial, for the Court sustained the objection to its use.

The defendant relies upon the decision in United States v. Lawn, D.C.S.D.N.Y. 1953, 115 F.Supp. 674, wherein Judge Goddard dismissed indictments on the ground that the defendants (against whom criminal informations had theretofore been filed) were called by the prosecution as witnesses before a grand jury to obtain evidence tending to sustain the indictments subsequently brought against them. The defendants were given no warning of their constitutional privilege against self-incrimination. That case differs from the instant case in that there the defendants were already subject to criminal charges alleged in the information, while in the present case the defendant, at the time she appeared before the grand jury, was not accused of any crime, nor had an indictment or information been issued against her. The defendant appeared as a witness and gave certain testimony which apparently resulted in an indictment brought against other persons, not herself. When the second grand jury convened they heard the testimony of a Narcotics Agent which related to activities of the defendant as well as the testimony which she had given to the previous grand jury.

It has been held by the Court of Appeals for this Circuit that the mere possibility that a witness may later be indicted does not require that the witness be advised of his rights as to the giving of testimony before a grand jury. United States v. Scully, 2 Cir., 1955, 225 F.2d 113, 116, certiorari denied 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788. In that case a witness subpoenaed to appear before a Federal Grand Jury gave incriminating testimony without being advised of his right to refrain from answering such questions. The grand jury later indicted him. The court overruled his motion to quash the indictment and the ruling was sustained on appeal. See Note, 34 Texas L.Rev. 641 (1956).

The mere fact that a person is called before a grand jury and there gives incriminating testimony is not, in and of itself, sufficient to require dismissal of the indictment. United States v. Klein, 2 Cir., 1957, 247 F.2d 908; United States v. Scully, supra. See also O'Connell v. United States, 2 Cir., 1930, 40 F.2d 201, 205; United States v. Wilson, D.C.D.Del., 1942, 42 F.Supp. 721, 722; Note, 15 Fed.B.J. 194 (1955). Resultantly, the defendant in this case has received all of the protections to which she was entitled as a witness before the grand jury.

It is, of course, clear that no person can be compelled in a criminal case to be a witness against himself. The defendant was not compelled in this case to be a witness against herself; the suppression at the trial of her testimony

before the grand jury secured to her the full constitutional protection to which she was entitled. The distinction between a defendant's rights before a grand jury and before a petit jury should be carefully observed by the courts. See United States v. Scully, supra; United States v. Costello, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. The grand jury provides an additional protection to citizens to provide a fair method for instituting criminal proceedings and to secure that innocent individuals are not subjected unnecessarily to the social and personal distress of a criminal trial. "Neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." United States v. Costello, supra, 350 U.S. at page 362, 76 S.Ct. at page 408. The grand jury is not blocked in its investigation by the application of the same rules which operate at the criminal trial. To otherwise provide would be to transform the grand jury's investigation into a full preliminary trial of defendants, to which they are not entitled. For these reasons a grand jury may hear and consider testimony which may not properly be received by a petit jury at a regular trial, and "an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." United States v. Costello, supra, 350 U.S. at page 363, 76 S.Ct. at page 409.

Appellate cases dealing with the use of wrongly obtained evidence usually deal with situations where a motion to suppress evidence at the trial was denied and the evidence was introduced, see, e. g., United States v. Nardone, 1937, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314; 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, or where a motion to quash an indictment is timely made to the trial court and is denied, and then the same allegedly wrongfully obtained evidence on which the motion to quash the indictment is

based is submitted to the petit jury, see, e. g., United States v. Giglio, 2 Cir., 1956, 232 F.2d 589, certiorari granted 352 U.S. 865, 77 S.Ct. 91, 1 L.Ed.2d 74. Resultantly the courts have not always had to consider the distinction to be made between a defendant's rights before a grand jury and before the petit jury.

If an indictment depended entirely upon the testimony which a defendant is compelled to give against himself, then it may well be that the indictment should be dismissed. But if a person is called, together with others, to give testimony before a grand jury, this does not mean that the person is granted immunity and may never thereafter be indicted for any of the matters concerning which he testified before the grand jury. There is no reason for so holding. The defendant's rights in that situation can be protected, as they were in the instant case, by refusing to allow his testimony before the grand jury to be read against him at the trial. If the Government had other testimony (apart from anything said by the defendant), as it did in the instant case, on which an indictment could be voted and conviction secured, the indictment and conviction need not be vacated merely because the defendant also appeared before a grand jury and gave some testimony. There is neither a rule nor any Federal case which would require such a ruling.

■■ Furthermore, the point raised by the defendant relates to the institution of the prosecution or the indictment, and any such objection has to be raised by motion *before* trial. Rule 12 (b) (2), Federal Rules of Criminal Procedure. Failure to present such objection constitutes, under the Rule, a waiver of the objection. In this case the defendant knew before trial that she had testified before the grand jury and the circumstances under which she had testified. If such fact constituted a valid objection to the indictment, the objection should have been raised at the time required by the Rule and should not have been held in reserve until the trial was over. United States v. Rosenberg,

2 Cir., 1952, 195 F.2d 583, at page 603, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687. The constitutional requirement of a grand jury indictment is to protect a defendant from going to trial, if there is not a fair showing of evidence against him. A defendant may not wait until the end of a fair trial, at which he is found guilty, to make a motion to quash an indictment based upon facts and possible defects in the grand jury proceedings about which he knew before trial and at the time of the indictment.

The motion is denied. So ordered.