**UNITED STATES of America,**
**Appellee,**

v.

**William P. McKNIGHT, Appellant.**

**No. 271, Docket 24896.**

United States Court of Appeals
Second Circuit.

Argued Feb. 14, 1958.

Decided April 8, 1958.

---

Howard V. Burke, Buffalo, N. Y. (Charles F. Crimi, Buffalo, N. Y., on the brief), for appellant.

John T. Elfvin, Asst. U. S. Atty., Buffalo, N. Y. (John O. Henderson, U. S. Atty., Buffalo, N. Y., on the brief), for appellee.

Before HINCKS and LUMBARD, Circuit Judges, and GALSTON, District Judge.

LUMBARD, Circuit Judge.

This is an appeal from a judgment of conviction of conspiracy to violate 26 U.S.C.A. § 4704(a) and in violation of 21 U.S.C.A. § 174, entered on the verdict of

a jury by Judge Brennan, sitting by designation in the Western District of New York. Sentence of 12 years imprisonment was imposed on the appellant as a third narcotic offender. In substance the two count indictment charges that on September 29, 1956, McKnight, Joe Johnson and Ellis Marshal conspired (1) to sell heroin in other than in the original stamped package or from the original stamped package, and (2) illegally to sell heroin knowing it to have been imported in violation of law.

The government's evidence tended to show that on September 29, 1956 Wardell Dolphus, a special employee of the government was introduced to Ellis Marshal by Joe Johnson, a dope addict whom Dolphus had known for several years. Dolphus was posing as a seller of narcotics looking for a supplier and told Marshal that he wanted to buy $50 worth of drugs and that he would have the money later in the day. That afternoon at 4:45 P.M. in the presence of Daniel A. Belmont, the government agent in charge, and two Buffalo policemen, Dolphus talked by telephone with Marshal and arranged to meet him later. The officers followed Dolphus to observe what transpired.

After Dolphus arrived at Marshal's house, Marshal talked on the telephone to some unidentified person and then Marshal drove Dolphus in Marshal's automobile to the house of the appellant, McKnight. Leaving Dolphus in the car, Marshal entered the house and came out a few minutes later and moved the car to a spot a short distance away. Within minutes thereafter McKnight joined them in the automobile and in the presence of Dolphus he told Marshal that he would try to get him some narcotics. Dolphus thereupon gave $50 to McKnight who then got out of the car.

After Marshal had done some shopping and Dolphus had eaten, they both returned to McKnight's house. Marshal went in and shortly thereafter returned with a cellophane wrapper containing either 20 or 30 [1] capsules of heroin.

When McKnight was arrested he gave a statement to agent Belmont admitting that he had obtained the drugs for Marshal.

█ It is clear that the evidence supports the jury's verdict both as to the existence of the conspiracy and McKnight's role in it. See United States v. Tramaglino, 2 Cir., 1952, 197 F.2d 928, certiorari denied 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670.

██ McKnight assigns as error the refusal of the trial court to charge the jury that " * * * each conspirator must be shown to have had a stake in the success of the conspiracy in order to hold him liable. * * * " Judge Brennan properly refused so to charge. It is not necessary to charge the jury that each conspirator must be found to have a "stake in the success" of the conspiracy for the use of such an expression would be misleading as it might infer that there must be a showing of some personal financial interest in the outcome of the conspiracy. It is sufficient that the defendant was not indifferent to the outcome of the venture. United States v. Tramaglino, supra, 197 F.2d at page 931. And Judge Brennan's charge properly and adequately covered the subject by saying that "the individual becomes a part of a conspiracy by his intentional participation in it."

The appellant also argues that since there was only a single conspiracy the government was required to elect between the two counts of the indictment under the doctrine of Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

█ Although the proof showed only one conspiracy, two counts were permissible to meet the different interpretations which might be placed on the evidence by the jury. As Chief Judge

---

1. Though the government agents and the government chemist testified to the receipt of 30 capsules, the testimony which Marshal gave on trial indicated that only 20 capsules were turned over.

Parker said in United States v. Maryland State Licensed Bev. Ass'n, 4 Cir., 1957, 240 F.2d 420, 421:

"If the evidence showed that there was only one conspiracy, the judge would impose only one punishment; but this is no reason for requiring dismissal of one of the counts in the early stages of the case; and parties should not be allowed thus to try their case in advance and by piecemeal. 'It has long been the approved practice to charge, by several counts, the same offense as committed in different ways or by different means, to such extent as will be necessary to provide for every possible contingency in the evidence'. 27 Am.Jur. p. 688."

As the sentence imposed by Judge Brennan was well within the maximum permitted under either Count 1 or Count 2 for a first offender, there can be no complaint regarding the sentence.

For this reason also we need not consider Braverman v. United States, supra, for the holding of that case applies only where separate consecutive sentences are imposed on separate counts of an indictment where the proof shows the existence of a single conspiracy, and the total of the consecutive sentences exceeds the maximum penalty for a single conspiracy.

Thus the sentence of 12 years on Count 2 was proper under § 174 of Title 21 U.S. C.A. as amended by the Narcotic Control Act of 1956, 70 Stat. 570, effective July 18, 1956, which provided for increased penalties of from 5 to 20 years imprisonment for a first offense, and the conviction must be affirmed. For these reasons we are not required to pass on the question of whether it was proper to proceed to trial on Count 1 on the theory that the governing statute was § 7237(a) of Title 26 U.S.C.A. instead of 18 U.S.C.A. § 371 which had been referred to in the indictment. See United States v. Lawn, 1958, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321, rehearing denied, 1958, 355 U.S. 967, 78 S.Ct. 529, 2 L.Ed.2d 542.

■■■ But as this question may recur because of the increased penalties recently enacted by the Congress in the Narcotic Control Act of 1956 or whenever reference must be made to another statute to ascertain the penalties for an offense, we take this occasion to point out that Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides a clear answer to the problem in its provision that "The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." As the Fifth Circuit said in Masi v. United States, 1955, 223 F.2d 132, 133, certiorari denied 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805: "The law is well settled that the statute on which an indictment is founded must be determined from the facts charged in the indictment, and the facts as pleaded may bring the offense charged within one statute, although another statute is referred to in the indictment." See also United States v. Hutcheson, 1941, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788.

The defendant has made no showing that he was prejudiced by being advised by the Assistant United States Attorney, after the jury was sworn but before evidence was taken, that Count 1 should have referred to § 7237(a) of Title 26, rather than § 371 of Title 18. Nor was any request made for an adjournment of the trial. Indeed, in view of the proof as we have summarized it, it is impossible to imagine how McKnight could have been prejudiced. The mandate of Congress expressed in 26 U.S.C.A. § 7237 that the increased penalties apply to all such offenses is clear. Section 371 of Title 18 does not apply, and the mistake of the grand jury in referring to it is of

no consequence, absent a showing of prejudice.

We take this opportunity to express the appreciation of the Court to Howard V. Burke and Charles F. Crimi, of Buffalo, for their able and thorough representation of the appellant as assigned counsel.

Affirmed.