**UNITED STATES of America**

v.

**William McKENNEY, Jr. and Michael Galgano, Defendants.**

United States District Court
S. D. New York.

Sept. 2, 1959.

S. Hazard Gillespie, U. S. Atty., New York City, for the United States. John C. Lankenau, Asst. U. S. Atty., New York City, of counsel.

Dodd, Cardiello & Blair, New York City, for defendants. Bella V. Dodd, New York City, of counsel.

WEINFELD, District Judge.

Petitioners McKenney and Galgano, together with others, were convicted upon a trial by jury of conspiracy to violate certain provisions of the narcotics laws including section 174 of Title 21. McKenney was sentenced to a minimum term of five years as a first offender and Galgano to a minimum term of ten years as a second offender under the latter section. They now move, pursuant to 28 U.S.C.A. section 2255, to vacate, set aside and correct the sentences on the ground that they should have been sentenced un-

der Title 18, section 371, the general conspiracy statute, rather than under the self-contained and more severe conspiracy provision of Title 21, section 174. Apart from their contention that the sentences under the latter section deprived them of the Court's discretion, eligibility for parole and other rights,[1] Galgano contends that his sentence exceeds the five-year maximum under section 371 of Title 18.

Count 14 of the indictment, the only one which concerns us here, charges in four paragraphs that petitioners and others conspired to violate seven specific provisions of law, namely, 26 U.S.C.A. sections 4701, 4703, 4704(a), 4724(c), 4771(a), 21 U.S.C.A. sections 173 and 174. Next appears a list of overt acts allegedly done in furtherance of the conspiracy. At the end of the list there is the following citation: "(Title 18, United States Code, Section 371)." Petitioners point out that while they were charged with a conspiracy to violate separately enumerated laws, the jury returned a general verdict of "guilty." Accordingly, they contend, it cannot be determined whether the jury found them guilty of a conspiracy to violate all, some, or only one of the sections specified in the indictment. Under this circumstance they conclude that they can only be sentenced under the general conspiracy provision, 18 U.S.C.A. section 371 and not under section 174 of Title 21 or any of the other statutes specifically enumerated as being objects of the conspiracy.[2] Upon the trial, petitioners made no objection to the form of the indictment and there can be no valid claim that they

were misled or prejudiced by reason of the fact that section 371 of Title 18 was cited at the end of the document. Neither did they seek clarification in their requests to charge or by exception after the charge was finally given. The question was first raised at the time of sentence by the attorney then representing Galgano. The Court rejected his argument. It was not pursued on appeal, however, and the convictions were affirmed.[3] The Court has again considered the merits of petitioners' argument and again reaches the same conclusion.

It is well settled that where a general statute and a specific statute cover the same offense, sentence must be imposed under the specific statute.[4] Congress clearly intended that the punishment for conspiracy to knowingly import, receive, conceal, buy, sell, or facilitate the transportation, concealment, or sale of illegally imported narcotic drugs, be greater than that for conspiracy to commit other offenses. Petitioners claim, however, that unless punishment is imposed under the general conspiracy provision of Title 18, section 371, Count 14 of the indictment must be considered duplicitous. Even if petitioners could overcome their failure to make timely objection to the form of the indictment[5] their argument would fail. An indictment is duplicitous when two or more distinct offenses are joined in a single count.[6] Petitioners are confusing a single conspiracy with multiple objectives, such as that charged in Count 14, with separate crimes, each of which must be charged in a separate count.[7]

1. 26 U.S.C.A. § 7237(d).

2. Compare Judge Levet's opinion in United States v. Shackelford, D.C., 180 F.Supp. 857.

3. United States v. Carminati, 2 Cir., 247 F.2d 640, certiorari denied 1957, 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113.

4. Masi v. United States, 5 Cir., 223 F.2d 132, 133, certiorari denied 1955, 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805; United States v. Moran, 2 Cir., 236 F.2d 361, 363, certiorari denied 1956, 352 U.S. 909,

77 S.Ct. 148, 1 L.Ed.2d 118; Enzor v. United States, 5 Cir., 262 F.2d 172, 174, certiorari denied 1959, 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761.

5. Fed.R.Crim.P. 12(b)(2).

6. See, e. g., United States v. Lennon, 2 Cir., 246 F.2d 24, 27 note 4, certiorari denied 1957, 355 U.S. 836, 78 S.Ct. 60, 2 L.Ed.2d 48; Epstein v. United States, 2 Cir., 1921, 271 F. 282, 283.

7. See Fed.R.Crim.P. 8(a).

"The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'"[8] Petitioners proceed on the assumption that Congress by the inclusion of the words "or conspires" under the 1951 amendments to section 174 of Title 21[9] and section 7237(a) of Title 26,[10] created a new, separate and distinct crime of conspiracy. The amendments to those sections simply related to the matter of punishment and did not create a new crime. The crime of conspiracy is defined only in section 371 of Title 18. No definition appears in other sections. Thus it was proper to refer to the general conspiracy statute in the indictment. But even assuming arguendo that the reference to section 371 was erroneous, as the Court of Appeals pointed out in United States v. McKnight:[11]

" 'The law is well settled that the statute on which an indictment is founded must be determined from the facts charged in the indictment, and the facts as pleaded may bring the offense charged within one statute, although another statute is referred to in the indictment.' "

The evidence adduced upon the trial not only "conclusively proved"[12] a conspiracy to violate the narcotics laws but it left no doubt that the hard core of the conspiracy was to violate section 174 of Title 21. The verdict of the jury must be read "guilty as charged in the indictment"; it cannot be interpreted as anything less.[13] It follows that petitioners were validly sentenced under section 174 of Title 21. Accordingly their motions are denied.

---

8. Braverman v. United States, 1942, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23. See Ingram v. United States, 1959, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503.

9. 65 Stat. 767 (1951).

10. The predecessor section in the Internal Revenue Code of 1939 was section 2557(b). Subdivisions (5) and (6), the second and third offender provisions, and subdivision (7) of that section, which provided the means for establishing prior convictions, all referred to convictions for conspiracy to violate, as well as convictions for substantive violations of the narcotics laws. See 26 U.S.C. § 2557 (b) (5), (6) and (7) (1946 ed.). These subdivisions were repealed by the 1951 amendment which, for the first time, added conspiracy to the first offender provision. It also incorporated the second and third offender provisions into subdivision (1) of section 2557(b) and substituted the penalties provided for in section 2557(b) (1) for those formerly provided for by sections 2596 and 3235 of the Code of 1939. 65 Stat. 767, 768 (1951). The Internal Revenue Code of 1954 did not change the substance of section 2557(b) (1) but only the number. 68A Stat. 860 (1954); H.R.Rep. No. 1337, 83d Cong.2d Sess. A428 (1954); S.Rep. No. 1622, 83d Cong., 2d Sess. 606 (1954).

11. 2 Cir., 1958, 253 F.2d 817, 820.

12. United States v. Carminati, 2 Cir., 247 F.2d 640, 642, certiorari denied 1957, 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113.

13. Williams v. United States, 5 Cir., 1956, 238 F.2d 215, 220, certiorari denied 1957, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed. 2d 596.