UNITED STATES of America,
Appellee,

v.

Michael GALGANO, Appellant.

UNITED STATES of America,
Appellee,

v.

Anthony CARMINATI, Appellant.

No. 377, Docket 26273.

United States Court of Appeals
Second Circuit.

Argued June 16, 1960.

Decided Aug. 22, 1960.

Dodd, Cardiello & Blair, New York City, for appellant Galgano.

I. William Stempil, Washington, D. C. (William Weintraub, Brooklyn, N. Y., of counsel), for appellant Carminati.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City (Gerald Walpin, George I. Gordon, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

WATERMAN, Circuit Judge.

On November 19, 1956 appellants Michael Galgano and Anthony Carminati were charged in Count 14 of a fourteen count indictment with having conspired with other named persons to violate certain specified sections of the federal narcotics laws. Omitting the twenty-three overt acts appended to the count, Count 14 is set forth in its entirety in the footnote.[1]

---

* Of the Ninth Circuit, sitting by designation.

1. "Fourteenth Count

"1. Commencing on or about the 1st day of January, 1951 and continuously thereafter up to and including the day of the filing of this indictment, in the Southern District of New York, Salvatore Russano, Ralph Russano, Anthony Carminati, William McKenney, Jr., Frank Rich, Robert Guippone, Joseph Ambrosini, Carlos Ruiz, Mary Lou Brolet Russano, Sebastian Della Universita, Michael Botto, Michael Galgano, David Shackelford, Donald Bauer and Ada Volkell, the defendants, unlawfully, wilfully and knowingly combined, conspired, confederated and agreed together with John Sciarra, David Oglesby, Irwin Greenspun, Vicki Cratty, Freddie Cratty, Abraham Schwartz, Carrenza M. Howard,

Daniel Murphy and "John Doe" also known as Wilson, white male, blond hair, 30–35 years of age, approximately 5'11" tall and 180 pounds weight, named herein as co-conspirators, but not defendants, and with others to the grand jury unknown to violate the United States Code, Title 26, Sections 4704(a), 4701, 4703, 4724(c) and 4771(a), and Title 21 [U.S. C.A.] Sections 173 and 174.

"2. It was part of the said conspiracy that the said defendants unlawfully, wilfully and knowingly would sell, dispense and distribute a quantity of narcotic drugs, the exact amount and nature thereof being to the grand jury unknown, in that the said narcotic drugs would not be in the original stamped package or from the original stamped package, that is to say, that there would not be affixed to the container in and from

After trial before Judge Weinfeld and a jury appellants on January 14, 1957 were found guilty. On February 5, 1957 Galgano was sentenced to a term of ten years imprisonment as a second offender under 21 U.S.C.A. § 174.[2] Carminati's sentencing was adjourned for nine days and on February 14 a similar ten year sentence was imposed upon him. The convictions were affirmed by this court, *sub nom.* United States v. Carminati, 2 Cir., 1957, 247 F.2d 640, and certiorari was denied 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113.

Thereafter appellants each moved under 28 U.S.C. § 2255 for corrections of sentence. Galgano's motion was denied on September 2, 1959, reported *sub nom.* United States v. McKenney, D.C., 181 F. Supp. 143; Carminati's on February 18, 1960. Each contends that he should not have been sentenced under 21 U.S.C.A. § 174, but instead was required to be sentenced under 18 U.S.C. § 371, the general conspiracy statute, which provides for a five year maximum sentence. In addition, as an independent ground,

Carminati contends that he should be sentenced anew because the sentencing judge failed to afford him the "right of allocution" provided for in Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.

 Appellants' contention relative to 18 U.S.C. § 371 rests upon the parenthetical citation of that section at the end of Count 14. (See footnote 1, supra.) We reject appellants' argument that this citation precluded conviction under any other section. It is clear that when an indictment charges conduct which is violative of a particular statute the individual charged may be convicted under that statute even though the statute is not specified in the indictment. Rule 7(c) Federal Rules of Criminal Procedure; United States v. Kolodny, 2 Cir., 1945, 149 F.2d 210, 211. Count 14 charges a conspiracy to violate 21 U.S.C.A. §§ 173, 174. Such a conspiracy, if proven, constitutes in itself a violation of 21 U.S.C.A. § 174. Similarly, Count 14 charges a conspiracy to violate 26 U.S.C. §§ 4704(a), 4701, 4703, 4724(c), and

---

which the said defendants would sell, dispense and distribute the narcotic drugs as aforesaid any United States Internal Revenue Stamps as required by Section 4703, of Title 26, United States Code in violation of Sections 4701, 4703, 4704 (a) and 4771(a) of Title 26, United States Code.

"3. It was further a part of said conspiracy that the said defendants, being persons who had not registered and who had not paid the special tax provided for by Sections 4702(a), 4721 and 4722 of Title 26, United States Code, unlawfully, wilfully, and knowingly would have in their possession and under their control a quantity of narcotic drugs, the exact amount and nature thereof being to the Grand Jury unknown, in violation of Section 4724(c) of Title 26, United States Code.

"4. It was further a part of said conspiracy that the said defendants unlawfully, wilfully and knowingly would receive, conceal, sell and facilitate the transportation, concealment and sale of the aforesaid narcotic drugs, after the said narcotic drugs had been imported and brought into the United States contrary to law knowing that the said narcotic drugs had been imported and

brought into the United States contrary to law in violation of Sections 173 and 174 of Title 21, United States Code [annotated].

\* \* \* \* \*

"(Title 18, United States Code, Section 371).

"s/ John G. Winchester
"*Foreman*
s/ Paul W. Williams
PAUL W. WILLIAMS
"*United States Attorney*"

2. The writer of the present opinion points out that this is contrary to the opening statement made by him in the prior opinion of affirmance, 247 F.2d 640, 642. The trial record makes clear that at the time of sentence Galgano's attorney, an attorney other than his present counsel, argued at length that the trial judge could impose sentence only under 18 U.S.C. § 371. The argument was rejected, the judge stating: "If I am wrong of course on the sentence the Court of Appeals will decide it. It is a very simple question." However, this question, though so discussed below, was not then raised by any of the three appellants whose appeals were decided by the opinion at 247 F.2d 640.

4771(a); and such a conspiracy, if proven, constitutes a violation of 26 U.S.C. § 7237(a). Accordingly, while the citation of 18 U.S.C. § 371 may have been either mistaken or duplicitous, it did not prevent conviction for conspiracy under 21 U.S.C.A. § 174, or, for that matter, under 26 U.S.C. § 7237(a).

 It is the rule in this circuit that an erroneous citation in an indictment will not be cause for reversing a conviction unless the defendant shows that he was prejudiced by the miscitation, United States v. McKnight, 2 Cir., 1958, 253 F.2d 817, 820. Appellants seek to show that in the preparation of their defense they were prejudiced, and were further prejudiced by the judge's charge to the jury that Count 14 was "bottomed" upon 18 U.S.C. § 371. As to the first point we see no way in which a defense to an accusation under 18 U.S.C. § 371 would differ from a defense to a combined accusation of conspiracy in violation of 21 U.S.C.A. § 174 and 26 U.S.C. § 7237(a). In each case the matters the Government would be required to prove, and the statutory presumptions the defendant might be required to rebut, would be the same. As to the judge's charge, apparently appellants would have us believe that the jury could have been led to convict on a lesser quantum of evidence because appellants would receive lesser penalties under 18 U.S.C. § 371. We certainly cannot attribute to the jury any such improper conduct.

 On the question of duplicity, Rule 12(b) (2) of the Federal Rules of Criminal Procedure provides that defects in an indictment, other than those relating to lack of jurisdiction in the court or to a failure to charge an offense, may be raised only by motion before trial. The cases have consistently held that an objection to the indictment on grounds of duplicity is waived unless this objection is presented to the court prior to trial, United States v. Private Brands, Inc., 2 Cir., 1957, 250 F.2d 554, 557, certiorari denied 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed. 2d 532; Beauchamp v. United States, 6 Cir., 1946, 154 F.2d 413, 415, certiorari

denied 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626, rehearing denied 329 U.S. 826, 67 S.Ct. 183, 91 L.Ed. 702; Lemon v. United States, 8 Cir., 1908, 164 F. 953, 958; cf. United States v. Garnes, D.C.S.D.N.Y. 1957, 156 F.Supp. 467, 470–471, affirmed 2 Cir., 1958, 258 F.2d 530, certiorari denied 359 U.S. 937, 79 S.Ct. 651, 3 L.Ed. 2d 637, or, at the very least, unless the objection is raised prior to the verdict, Durland v. United States, 1896, 161 U.S. 306, 315, 16 S.Ct. 508, 40 L. Ed. 709; Witt v. United States, 9 Cir., 1952, 196 F.2d 285, 286, certiorari denied 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 1644; United States v. Poppa, 7 Cir., 1951, 190 F.2d 112, 114–115. Judicial unwillingness to hear objections to a duplicitous indictment raised for the first time after verdict would appear to apply, a fortiori, to such objections raised for the first time on a motion under 28 U.S.C. § 2255. See Dunn v. United States, 6 Cir., 1956, 234 F.2d 219, 221, certiorari denied 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed. 2d 90; Masi v. United States, 5 Cir., 1955, 223 F.2d 132, certiorari denied 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805; United States v. Richie, 3 Cir., 1955, 222 F.2d 436, 437. True it is that in a case involving the identical count of the indictment presently before us it was held that an objection to a duplicitous count may be raised for the first time by a motion under 28 U.S.C. § 2255 if the two offenses charged in the count are not subject to punishment of the same severity. United States v. Shackelford, D.C.S.D. N.Y.1957, 180 F.Supp. 857. The prior cases offer no support for this distinction, and we think it peculiarly inapposite where no defense has been offered that would rationally permit a verdict of guilty under the statute which imposes the lesser penalty (here either 26 U.S.C. § 7237(a) or 18 U.S.C. § 371), but not under the statute which imposes the greater penalty (21 U.S.C.A. § 174). We hold that appellants have waived any objection to any duplicity in the indictment. Therefore, we do not reach the question of whether Count 14 was in fact duplicitous.

■ Carminati's contention that he should be given an opportunity for resentence because he was denied the right of allocution provided for in Rule 32(a) of the Federal Rules of Criminal Procedure is in this case so plainly without merit that we are not required to consider the question of whether this contention may be raised by a motion under 28 U.S.C. § 2255. See concurring opinion in Couch v. United States, 1956, 98 U.S.App.D.C. 292, 235 F.2d 519, 521. As we have indicated above, no defense was presented that would have afforded a rational basis for concluding that Carminati was guilty only of a violation of 26 U.S.C. § 7237(a) or 18 U.S.C. § 371 and not 21 U.S.C.A. § 174. Accordingly, the district judge had no alternative but to sentence Carminati under 21 U.S.C.A. § 174. Under that section the minimum sentence for a second offender, as Carminati is conceded to be, is ten years, Carminati's present sentence. As the district judge aptly observed, to require resentence under these circumstances would be to exalt form over substance.

Affirmed.