Thomas PYTEL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 74–CV–98.

United States District Court,
N. D. New York.

June 27, 1974.

Thomas  Pytel,  pro  se.

James M. Sullivan, Jr., U. S. Atty., N.
D.N.Y., for respondent;  Paul V. French,
Asst. U. S. Atty., of counsel.

## OPINION

MacMAHON, District Judge.*

Thomas Pytel, confined in the United States Penitentiary in Atlanta, Georgia, collaterally challenges, pro se, under 28 U.S.C. § 2255, two concurrent twenty-year prison sentences imposed by this court following his conviction by a jury of the crimes of conspiracy to violate the narcotics laws, and selling or facilitating the transportation, concealment or sale of illegally imported narcotics, with knowledge of the illegal importation. 21 U.S.C. §§ 173, 174. Petitioner's convictions were affirmed in United States v. Dalli, 424 F.2d 45 (2d Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970).

Petitioner contends that his convictions are invalid because (1) Counts I and II of the indictment charge a single crime, i. e., conspiracy to violate the narcotics laws, in violation of the double jeopardy clause of the Fifth Amendment, and (2) Count I of the indictment is duplicitous in that it charges two conspiracies, i. e., violations of 21 U.S.C. §§ 173, 174, and 18 U.S.C. § 371. Petitioner seeks to invalidate his conviction on Count II, or, in the alternative, to reduce his sentence on that count to a term of five years, and also to reduce his sentence on Count I to five years, which he argues is the maximum sentence allowable on Count I.

Petitioner's attack on Count II is based on the false assumption that both Counts I and II charge him and his co-defendants with conspiracy to violate the narcotics laws. He argues that his conviction on both counts, therefore, constitutes double jeopardy.

■ Petitioner's assumption is erroneous as a matter of law. Count II does not charge a conspiracy, but the substantive crime of selling or facilitating the transportation, concealment or sale of a narcotic drug, with knowledge of the illegal importation. 21 U.S.C. §§ 173, 174. It is settled law that "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." [1] Since Counts I and II clearly charge separate crimes, petitioner's double jeopardy attack on his conviction under Count II is without merit.

■ Petitioner's challenge to his conspiracy conviction is more troublesome. He claims that the conspiracy count in the indictment is duplicitous because it charges two conspiracies, one under 21 U.S.C. §§ 173, 174, and another under 18 U.S.C. § 371. This contention is based upon the fact that the indictment expressly cites not only 21 U.S.C. §§ 173, 174, but also cites 18 U.S.C. § 371 at the foot of Count I. [2] The maximum penalties which may be imposed under the statutes cited in Count I differ. The general conspiracy statute. 18 U.S.C. § 371, provides for a maximum sentence of five years in prison and/or a $10,000 fine, but 21 U.S.C. § 174, which has since been repealed, provided for a maximum sentence of twenty years in prison and/or a fine of $20,000.

Petitioner was sentenced on Count I, pursuant to 21 U.S.C. §§ 173, 174, to a twenty-year prison term, to run concurrently with the sentence imposed on

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946) ; Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312, rehearing denied, 365 U.S. 825, 81 S.Ct. 687, 5 L.Ed.2d 703 (1961) ; United States v. Becker, 461 F.2d 230, 234 (2d Cir. 1972).

2. The government contends that the reference, in Count I, to 18 U.S.C. § 371, was a clerical error and that the indictment should have read, " 'all in violation of Title 21, United States Code, Sections 173 and 174.' " Needless to say, neither the Assistant United States Attorney nor counsel for the defendant raised the point either before or at any time during the trial, and we were guided not by the statutory references but by the express language of Count I, which pleaded the words of 21 U.S.C. §§ 173, 174.

Count II. He now claims that his conspiracy conviction is invalid, or, in the alternative, that his sentence on Count I should be reduced to five years.

■ Defects in an indictment, other than those relating to lack of jurisdiction or failure to charge an offense, may be raised only by motion before trial, and objections to such defects are waived unless made before trial.[3] Petitioner, although represented by experienced counsel, directed no motions to this alleged defect in the indictment either before trial or at any other time prior to the filing of this petition. Our Court of Appeals has held, on virtually identical facts, that objections to an indictment as duplicitous may not be raised for the first time on a motion under 28 U.S.C. § 2255 and will be deemed waived.[4]

Moreover, the erroneous reference to 18 U.S.C. § 371 in the indictment was a mere miscitation, which is not a ground for dismissal of an indictment or reversal of a conviction unless the defendant demonstrates that he was prejudiced by the miscitation.[5] No such showing of prejudice has been made. The indictment, on its face, not only cites 21 U.S. C. §§ 173, 174, but alleges a conspiracy in the express language of those statutes.

Moreover, the charge to the jury shows clearly and unmistakably that the jury was charged in the language of 21 U.S.C. §§ 173, 174, and that petitioner was convicted of conspiracy under those statutes.[6] Therefore, petitioner's attack on Count I as duplicitous must be rejected. Finally, in any event, petitioner's concurrent twenty-year prison sentence on Count II remains in effect.

■ Accordingly, the within motion is denied in all respects. This court will not authorize an appeal in forma pauperis under 28 U.S.C. § 1915(a) and hereby certifies that any appeal is not taken in good faith. In this context, good faith is judged by an objective standard, and where, as here, an appeal would be frivolous, it is not taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21

3. Rule 12(b)(2), Fed.R.Crim.P.; United States v. Galgano, 281 F.2d 908 (2d Cir. 1960), cert. denied, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961); United States v. Kelley, 395 F.2d 727 (2d Cir. 1968); United States v. Private Brands, Inc., 250 F.2d 554, 557 (2d Cir. 1957), cert. denied, 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed.2d 532 (1958). See also, United States v. Gaus, 471 F.2d 495 (7th Cir. 1973); United States v. Harbin, 377 F.2d 78, 80 (4th Cir. 1967); United States v. Richie, 222 F.2d 436 (3d Cir. 1955).

4. United States v. Galgano, *supra*, 281 F.2d at 911. Accord, Dunn v. United States, 234 F.2d 219, 221 (6th Cir.), cert. denied, 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90 (1956); Masi v. United States, 223 F.2d 132 (5th Cir.), cert. denied, 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805 (1955). Cf. United States v. Nickerson, 211 F.2d 909 (7th Cir. 1954).

5. Rule 7(c), Fed.R.Crim.P.; United States v. Calabro, 467 F.2d 973 (2d Cir. 1972); United States v. Galgano, *supra*, 281 F.2d at 911; United States v. McKnight, 253 F.2d 817 (2d Cir. 1958); Tanksley v. United States, 321 F.2d 647 (8th Cir. 1963).

6. "THE COURT: * * * As we have seen, the defendants are charged in Count I with a single, overall conspiracy to violate certain federal narcotic laws. Those laws, Title 21, United States Code, Sections 173 and 174, make it a crime to conspire, to agree or to have an understanding with any other person to import or to bring any narcotic drug into the United States fraudulently or knowingly or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law.

In order to convict a defendant on Count I, the government is required to prove to your satisfaction three elements of the crime charged beyond a reasonable doubt: One, the existence of the conspiracy knowingly and illegally to import and deal with narcotics as charged in the indictment; two, the defendant knowingly and with wilful intent joined the conspiracy with knowledge that its purpose was illegally to import and deal with narcotics as charged; and three, the commission by any conspirator of at least one of the overt acts set forth in the indictment." Trial transcript, pp. 616–617.

(1962); United States v. Visconti, 261 F.2d 215 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

So ordered.