**UNITED STATES of America**

v.

**David SHACKELFORD.**

United States District Court
S. D. New York.
April 24, 1957.

Paul W. Williams, U. S. Atty., New York City, for Government, by John C. Lankenau, Asst. U. S. Atty., New York City.

Henry K. Chapman, New York City, for defendant.

LEVET, District Judge.

The defendant Shackelford was tried and found guilty as charged under count 14 of the indictment, dated November 19, 1956. This count, which was the only count of the indictment submitted to the jury alleged that he conspired to violate specific provisions of the narcotics laws. It was charged that he conspired to violate Sections 4701, 4702(a), 4703, 4704(a), 4724(c) and 4771(a) of Title 26 U.S.C. sometimes referred to as the Harrison Act.

Count 14 also charged that the defendant Shackelford conspired to violate Sections 173 and 174 of Title 21 U.S.C.A. commonly referred to as the Jones-Miller Act.

In addition, the general conspiracy statute, namely, Section 371 of Title 18 U.S.C., was cited at the conclusion of count 14.

The penalty applicable to a violation of the Harrison Act, as amended July 18, 1956, is set forth in Section 7237(a) of Title 26 U.S.C., which provides for imprisonment of a first offender for not less than 2 years or more than 10 years and, in addition, a fine up to $20,000 may be imposed.

The general conspiracy statute, Section 371 of Title 18 U.S.C., provides that a conspiracy to commit an offense against the United States is punishable by imprisonment up to 5 years, or a fine up to $10,000, or both.

The Jones-Miller Act, as amended on July 18, 1956, provides in part that anyone who conspires to violate said Act shall be imprisoned not less than 5 years or more than 20 years in the case of a first offense and, in addition, may be fined not more than $20,000.

Consequently, count 14 of the indictment charges the defendant David Shackelford with conduct which is punishable under 3 separate sections, each of which entails a different punishment.

Moreover, as a first offender, the defendant Shackelford would be eligible for a suspended sentence or probation under either Section 7237(a) of Title 26, or

Section 371 of Title 18, and the benefits of Section 4202 of Title 18 would apply, that is, release on parole after serving one-third of his sentence.

However, if punishment is awarded under Section 174 of Title 21, the imposition or execution of sentence may not be suspended, probation may not be granted and Section 4202 of Title 18 would not apply. See 26 U.S.C.A. § 7237 (d).

At the outset it should be noted that count 14 alleges that the conspiracy commenced on or about the 1st day of January, 1951, and continued thereafter. The amendments of the Jones-Miller and Harrison Acts, which increased the penalties for violations or conspiracies to violate these Acts, became effective July 19, 1956.

 The defendant Shackelford was arrested on September 25, 1956. Therefore, it might be argued that the crime was completed while the old provisions of the said Acts were still in effect and that any law passed after commission of an offense which inflicts greater punishment for the crime than was provided by law at the time the offense was committed is ex post facto and hence unconstitutional. However, the indictment alleges, and this was supported by evidence and verdict, that the conspiracy was continuous. Moreover, Shackelford had not yet been arrested when the new laws took effect. Accordingly, statutes imposing greater penalties for a conspiracy, where the crime is still being carried on and continued after the date when the amendments became effective, do not violate the constitutional inhibition of ex post facto laws. See Huff v. United States, 5 Cir., 1951, 192 F.2d 911, certiorari denied 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703.

However, there remains to be determined the problem concerning the issue of punishment.

Until the amendments of the Jones-Miller and the Harrison Acts, the rule obtained that an indictment alleging a conspiracy to violate several penal statutes "is not duplicitous, for 'the conspiracy is the crime, and that is one, however diverse its objects,'" and, therefore, only the single penalty prescribed by the general conspiracy statute, i. e., Section 371, Title 18 U.S.C., can be imposed. See Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. Thus, the crime of conspiracy was separate and distinct and did not arise under the narcotic laws.

 With the inclusion of the words "or conspires" in the two narcotics statutes, i. e., Section 174 of Title 21 U.S.C.A., and Section 7237(a) of Title 26 U.S.C., a conspiracy to violate the narcotics laws is now a crime arising under these statutes. Consequently, an indictment charging a conspiracy to violate these laws need not refer to Section 371 of Title 18 U.S.C. It is also conceivable that persons might conspire to violate one statute without conspiring to violate the other. Thus, several persons might conspire to sell domestic narcotics, other than from the original stamped package, in violation of the Harrison Act. In such case, since the narcotics were not imported, nor would there be the requisite possession to give rise to the presumption of unlawful importation, there would be, under those conditions, no violation of the Jones-Miller Act.

In the instant case, count 14 charges the defendant Shackelford with two separate crimes, namely, conspiring to violate the Jones-Miller Act, which prescribes a minimum penalty of 5 years, and conspiring to violate the Harrison Act, which contains a minimum penalty of 2 years imprisonment.

 In addition, Shackelford is charged under Section 371 of Title 18 with conspiring to violate the laws of the United States. A count in an indictment which charges more than one separate offense is ordinarily subject to attack by reason of its duplicity. See 42 C.J.S. Indictments and Informations § 162, p. 1112 and cases cited therein. The jury cannot find a defendant guilty as to one of the offenses charged in the duplicitous

count and not guilty as to the other charges in the same count; and a general verdict of guilty in such case does not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all.

The government argues that a general verdict of guilty with respect to count 14 is analogous to the situation where a general verdict of guilty on an indictment containing several counts has been held to be a verdict of guilty on all counts. See Ballew v. United States, 160 U.S. 187, 16 S.Ct. 263, 40 L.Ed. 388. Nevertheless, an indictment which charges two or more offenses in a single count might be held a violation of the requirement of Rule 8(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., that where two or more offenses are charged in the same indictment each offense shall be charged in a separate count.

The analogy between a general verdict of guilty on a defective indictment, and that of a general verdict of guilty on separate counts of a proper indictment is not apropos.

The government argues that it might be presumed that the guilty verdict would assume the allegation of proof of the allegations of every item necessary to prove the indictment. However, when you have a situation which is not conjunctive, you do not have that situation.

The government argues that having failed to raise the present objection to the form of the indictment by motion prior to trial under Rule 12(b) (2) of the Federal Rules of Criminal Procedure, the defendant has waived his right to object after the verdict to the duplicitous indictment.

■ ■ The federal courts have generally held that an objection to a duplicitous indictment must be made before trial, or by motion in arrest of judgment after verdict. See Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033; United States v. Poppa, 7 Cir., 1951, 190 F.2d 112; Greater New York Live Poultry Chamber of Commerce

v. United States, 2 Cir., 1931, 47 F.2d 156, certiorari denied 283 U.S. 837, 51 S.Ct. 486, 75 L.Ed. 1448; Barnard v. United States, 9 Cir., 1926, 16 F.2d 451, certiorari denied 274 U.S. 736, 47 S.Ct. 575, 71 L.Ed. 1316.

In the instant case, since the crimes charged in the indictment entail different punishment, the duplicity might be considered more than technical. See Creel v. United States, 8 Cir., 1927, 21 F.2d 690; Ammerman v. United States, 8 Cir., 1914, 216 F. 326.

The case of Williams v. United States, 5 Cir., 1956, 238 F.2d 215, certiorari denied 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed. 2d 596, which is cited by the government, is not applicable. There the indictment contained one count of a conspiracy which alleged as the object of the conspiracy the violation of seven distinct provisions of the liquor laws, of which, as substantive offenses, six would be felonies and one a misdemeanor. The conspiracy count was predicated upon Section 371 of Title 18.

The court in the Williams case cited the Braverman case, supra, in support of its conclusion and stated that under said section "a single agreement is a single crime, no matter how many illegal objects it encompasses, even if some of them are felonies and others misdemeanors." [5 Cir., 238 F.2d 217.]

Thus, the defendant's failure to move pursuant to Rule 31(c) of the Federal Rules of Criminal Procedure for a verdict indicating the degree of the crime was held to have been a waiver of the defect in the form of the indictment. In the instant case, the conspiracy count charges more than a single crime, since it is now a distinct offense to conspire to violate either the Jones-Miller Act or the Harrison Act, and the latter is not necessarily includable in the former.

■ We cannot now ascertain upon which statute the jury based their general verdict of guilty. Although the evidence in the case supports a conviction under both the Jones-Miller Act and the

Harrison Act, it is my opinion that a sentence under the former, pursuant to which a greater penalty is imposed, would be prejudicial to the defendant Shackelford despite his failure to object to the duplicity before trial. Accordingly, the said defendant should not be sentenced, in my opinion, under Section 174 of Title 21 of the United States Code.

▌There remains to be considered whether punishment is to be imposed under Section 7237(a) of Title 26 U.S.C., which prescribes a minimum penalty of 2 years imprisonment for a violation of the Harrison Act, or under the general conspiracy provision in Section 371 of Title 18 U.S.C., which does not specify any minimum penalty. As between the two statutes, the particular is entitled to preference over the general statute. See Masi v. United States, 5 Cir., 1955, 223 F.2d 132, certiorari denied 350 U.S. 919, 76 S.Ct. 208, 100 L. Ed. 805. Therefore, the punishment for conspiring to sell or dispense narcotics other than from the original stamped package is entitled to preference over the general provisions of Section 371 of Title 18 U.S.C., which prescribes the punishment for conspiring to commit any offense.

Accordingly, it is the opinion of this Court that the defendant Shackelford should be sentenced under Section 7237 (a) of Title 26 U.S.C.

Accordingly, defendant's motions in arrest of judgment and to vacate and set aside the verdict of the jury are denied. Now in so far as the sentence is concerned, I have before me the pre-sentence report of the Probation Department. I have observed the defendant at trial. He apparently has no substantial record of any prior convictions. However, he has been concerned, I must conclude, if the jury's verdict is to be accepted at its face value in a trade which is inimical to the public interest.

I therefore sentence David Shackelford to the minimum 2 years under Section 7237(a) of Title 26.