**Jacques Hugh SOREY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17557.**

United States Court of Appeals
Fifth Circuit.

June 23, 1961.

---

**827**

Roderick Beddow, Jr., Birmingham, Ala., Roderick M. MacLeod, Jr., Birmingham, Ala., for appellant.

Robert A. Hall, Asst. U. S. Atty., Houston, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

PER CURIAM.

The indictment under Title 26, Section 7237(a), United States Code [1] charged Sorey, together with Green and Nunez, with conspiracy to violate Title 26, Sections 4704(a)[2] and 4705(a)[3] and Title 21, Section 174 [4] of the United States Code. Sorey entered a plea of not guilty and was represented by counsel upon his trial. The jury returned a verdict of

---

1. "(a) *Where no specific penalty is otherwise provided.*—Whoever commits an offense, or conspires to commit an offense, described in part I or part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000. For a second offense, the offender shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000."

2. "(a) *General requirement.*—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

3. "(a) *General requirement.*—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

4. "§ 174. *Same; penalty; evidence*
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

guilty. The United States Attorney filed an information setting forth a prior conviction under Sections 4744(a) and 4755 of Title 26, United States Code, relating to marihuana, which Sorey admitted. The district court sentenced him to imprisonment for ten years stating, "I will give him what I understand to be the minimum sentence."

■ We find no merit in the contentions ably and vigorously urged by appointed counsel for Sorey to the effect that the evidence was not sufficient to support the verdict of guilty, or that as a matter of law Sorey was a victim of entrapment.

■■ We think, however, that counsel correctly points out that the minimum sentence under this judgment of conviction was five years instead of ten years. The significant language in Title 26, Section 7237(a), supra, is " * * * for which no specific penalty is otherwise provided." Title 21, Section 174 specifically provides a minimum sentence of ten years for a second offense. Title 26, Section 7237(b) makes like specific provision for a second offense as to Section 4705(a) of Title 26. On the other hand, no specific penalty is provided for a second offense as to Section 4704(a), footnote 2, supra. The jury's belief that Sorey conspired to violate Section 4704 (a) would support the general verdict of guilty under the present indictment. It results that, while the sentence of ten years was permitted by Section 7237(a), the *minimum* was five years. Compare United States v. Shackelford, D.C.S.D. N.Y.1957, 180 F.Supp. 857, 861. The apparent misapprehension by the district court of what constituted the minimum sentence does not, however, necessitate a reversal, since the district court has the power either to leave the ten-year sentence in effect or to reduce the sentence within sixty (60) days after receipt of the mandate issued upon affirmance. Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C. The judgment is

· Affirmed.