**UNITED STATES of America, Plaintiff,**

v.

**Charles Louis GARDNER, Defendant.**
**Crim. No. 37936.**

United States District Court
N. D. California, S. D.
Feb. 19. 1962.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for plaintiff.

Garry, Dreyfus & McTernan, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Defendant moves to dismiss an indictment, which charges him with narcotics violations in three counts. The first count charges that he did "fraudulently and knowingly conceal and transport and facilitate the concealment and transportation of approximately 4 ounces of heroin," in violation of 21 U.S.C.A. § 174. The second count charges a violation of 21 U.S.C.A. § 176a for unlawfully concealing and transporting marihuana. The third count charges a conspiracy to "receive, conceal, transport and facilitate the concealment and transportation of heroin and marihuana in violation of 21 U.S.C.A. §§ 174 and 176a. The third count does not allege any overt act to carry out the conspiracy.

The motion to dismiss the first two counts (the substantive charges) must be denied. The essence of defendant's motion as to these two counts is that they have been made only for the purpose of harassment, because the government cannot prove the alleged offenses in the light of the testimony offered at a prior trial, in which defendant was found guilty by a jury, but was granted a new trial by the trial judge. In this state of the record defendant's motion presents only a question of fact, which must be decided by the trier of the fact, and not on motion to dismiss.

The challenge to the third, or conspiracy, count presents a novel and difficult question. The government's refusal to allege any overt act is based on the premise that Sections 174 and 176a of Title 21 of the United States Code Annotated create separate and distinct crimes of conspiracy, and by their terms do not require the allegation of an overt act to state an offense, as does the general conspiracy section, 18 U.S.C. § 371, and many other conspiracy laws. Defendant contends that Congress, in including conspiracy in Sections 174 and 176a, did not intend to create new conspiracy offenses, but was bringing a conspiracy to violate these narcotic laws within the more stringent punishment provisions of the narcotics laws. Defendant points out that this question has never been raised before because in all reported cases dealing with these sections overt acts have been alleged.

Section 174 provides:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, *or conspires to commit any of such acts in violation of the laws of the United*

*States,* shall be imprisoned * * *." (Emphasis added)

Section 176a has similar language referring to marihuana. These sections do not require an overt act for the offense of conspiracy, and the government contends that by the language used Congress intended to punish certain narcotics conspiracies on a "common law footing" making the act of conspiracy an offense. See Nash v. United States, 229 U.S. 373, 378, 33 S.Ct. 780, 57 L.Ed. 1232, and Singer v. United States, 323 U.S. 338, 340, 65 S.Ct. 282, 89 L.Ed. 285. These cases and others stand for the proposition that Congress has the power to make the act of conspiracy an offense, without the requirement of an overt act. The problem is to determine the intent of Congress. The language with respect to conspiracy in these sections was added by amendment in the Act of November 2, 1951, 65 Stat. 767. In this Act, the so-called Boggs Act, Congress was concerned primarily with increasing and making more uniform penalties for narcotics violations. The Senate report on the bill (Senate Report No. 1051, 82nd Cong. First Sess.; 1951 U.S.Code Cong. & Admin. Service, Vol. 2, pg. 2602) states:

"The Committee on Finance, to whom was referred the bill (H.R. 3490) to amend the penalty provisions applicable to persons convicted of violating certain narcotic laws, and for other purposes, having considered the same, report favorably thereon without amendment and recommend that the bill do pass.

"By virtue of this act the House report is accepted as follows:

"A. PURPOSE OF THE BILL

"The purpose of the bill is to make more stringent and more uniform the penalties which would be imposed upon persons violating the Federal narcotic and marihuana laws. Enactment of more severe sentences would enable narcotic violators, who are frequently addicts themselves, to be subjected to a longer period of treatment and observation, and

would at the same time have the important effect of removing from active participation in the drug traffic those offenders who may not be susceptible to corrective treatment."

In summarizing the bill, and after noting the changes in penalties, the report states:

"A conspiracy to commit violations of the above laws would be considered a specific offense." (p. 2603)

This meager and ambiguous reference to conspiracy in the report is of little help in determining congressional intent. However, it is difficult to distinguish this situation from that in Singer v. United States, supra. The Supreme Court was construing there a section of the Selective Training and Service Act of 1940. There the language "or conspire to do so" was preceded by seven substantive offenses. The argument of construction was whether the quoted conspiracy clause created a new offense of conspiracy separate from the then general conspiracy section, 18 U.S.C. § 88. The court held that it did. The language of sections 174 and 176a, "or conspires to commit *any of such acts* in violation of the laws of the United States", (emphasis added), meets one of the main arguments made in Singer, supra, namely, that the words, "or conspire to do so", did not refer specifically to the preceding substantive offenses. In his dissent Mr. Justice Frankfurter stated:

"Whenever Congress desires to make a conspiracy provision apply to a whole series of substantive offenses, it does so explicitly. Either the conspiracy provision is set off in a separate section or subsection made applicable to all preceding sections, or else clear words of reference to 'any provision' or 'any of the acts made unlawful' are employed." (323 U.S. 351, 65 S.Ct. 289)

There can be no doubt here that Congress, in using the quoted language in Sections 174 and 176a, was directly and specifically referring to conspiracies to commit the substantive offenses set forth

in those sections. Therefore, these sections make a much stronger case for a separate offense interpretation than did the statute in Singer, supra.

A construction in favor of a separate offense also would seem to be more consistent with the clearly and strongly announced purpose of Congress to make punishment for narcotic offenses more stringent and uniform. It is obvious that Congress wanted to separate certain narcotic conspiracies from the ambit of 18 U.S.C. § 371, the general conspiracy section, at least for punishment purposes, and Congress must have been aware of the difficulties in attempting more stringent penalties under the general conspiracy statute for conspiracies to commit particular acts. See Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. The complexities of applying narcotics penalties to section 371 conspiracies would create a sentencing morass, which would require further congressional action to cure.

Some of these problems have already been discussed by the courts. See United States v. Shackelford, D.C., 180 F.Supp. 857; United States v. McKenney, D.C., 181 F.Supp. 143; and United States v. Somohano, D.C., 193 F.Supp. 201. Defendant relies on McKenney, supra, where the court said:

> "Petitioners proceed on the assumption that Congress by the inclusion of the words 'or conspires' under the 1951 amendments to section 174 of Title 21 and section 7237(a) of Title 26, created a new, separate and distinct crime of conspiracy. The amendments to those sections simply related to the matter of punishment and did not create a new crime. The crime of conspiracy is defined only in section 371 of Title 18. No definition appears in other sections." (p. 146)

The vitality of this holding has been somewhat sapped by the affirming decision in United States v. Galgano, 2 Cir.,

281 F.2d 908, cert. den. 366 U.S. 967, 81 S.Ct. 1929, 6 L.Ed.2d 1257. The Court of Appeals affirmed the District Court on other grounds. The Court of Appeals said:

> "Count 14 charges a conspiracy to violate 21 U.S.C.A. §§ 173, 174. Such a conspiracy, if proven, constitutes in itself a violation of 21 U.S. C.A. § 174. Similarly, Count 14 charges a conspiracy to violate 26 U.S.C. §§ 4704(a), 4701, 4703, 4724 (c), and 4771(a); and such a conspiracy, if proven, constitutes a violation of 26 U.S.C. § 7237(a). Accordingly, while the citation of 18 U.S.C. § 371 may have been either mistaken or duplicitous, it did not prevent conviction for conspiracy under 21 U.S.C.A. § 174, or, for that matter, under 26 U.S.C. § 7237(a)." (pp. 910–911)

In Shackelford the court said:

> "With the inclusion of the words 'or conspires' in the two narcotics statutes, i. e., Section 174 of Title 21 U.S.C.A., and Section 7237(a) of Title 26 U.S.C., a conspiracy to violate the narcotics laws is now a crime arising under these statutes. Consequently, an indictment charging a conspiracy to violate these laws need not refer to Section 371 of Title 18 U.S.C." (180 F.Supp. p. 859)

All of these cases were concerned with the question of duplicity in pleading, and in all of these cases overt acts were alleged, so the direct question of the necessity of pleading overt acts was not before the respective courts. However, with the one exception (McKenney), they all proceed on the premise that a conspiracy under section 174 is a separate offense from a conspiracy under section 371.

It is ordered that defendant's motion to dismiss be, and the same is hereby denied.