**UNITED STATES of America, Plaintiff,**

v.

**Dale Edward SUDDUTH, Defendant.**

Crim. A. No. 71-CR-82.

United States District Court, D. Colorado.

July 22, 1971.

Richard J. Spelts, Asst. U. S. Atty., Denver, Colo., for plaintiff.

William R. Young, Theodore B. Isaacson, Denver, Colo., for defendant.

MEMORANDUM OPINION

WINNER, District Judge.

Defendant was charged in a two count indictment. Count I charged a sale of heroin in violation of 26 U.S.C. §§ 4705 (a) and 7237. A jury convicted him of this offense. Count II of the indictment charged:

"That on or about January 27, 1971, in the vicinity of Denver, State and District of Colorado, DALE EDWARD SUDDUTH willfully and knowingly carried a firearm unlawfully during the commission of a felony prosecutable in a court of the United States, that is, the said DALE EDWARD SUDDUTH carried a small caliber revolver during the time when he did sell, barter, exchange and give away to Ronald L. Wilson a narcotic drug (approximately 77.4 grams of heroin) not in pursuance of a written order of

the said Ronald L. Wilson on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate as required by Section 4705 (a), Title 26, United States Code; all of the foregoing in violation of Section 924(c), Title 18, United States Code, as amended January 2, 1971."

Count II of the indictment was dismissed by the Court at time of trial for failure to state an offense since 18 U. S.C. § 924(c) does not create an offense. Instead, 18 U.S.C. § 924(c) provides only for an additional sentence if a defendant is convicted of a felony prosecutable in a court of the United States and is shown to have used or to have been unlawfully carrying a firearm in the commission of that offense. The statute is new, and no reported case has been called to our attention, nor have we found a case interpreting the particular subsection of the statute here considered. However, an analysis of that subsection's language and the legislative history leads inevitably to the conclusion that this particular subsection of the statute does not and was not intended by Congress to create a substantive offense.

We start with the Omnibus Crime Control and Safe Streets Act of 1968, and more particularly with Title IV of that Act. 1968 U.S.Code Cong. and Adm. News p. 2163 has to do with "Title IV— Firearms Control and Assistance." At page 2216 et seq., the scope of the Act's coverage is discussed, and it appears that Congress wished to control (a) the interstate traffic in mail-order firearms, other than rifles and shotguns, (b) acquisition of firearms by juveniles and minors, (c) out-of-state purchase of concealable firearms, (d) importation of non-sporting and military surplus firearms, (e) highly destructive weapons, (f) licensing of importers, manufacturers and dealers, and (g) certain record keeping procedures. The sectional analysis of Title IV commences on page 2197 of 1968 U.S.Code Cong. and Adm.News, and it is there said that Sec. 922 sets forth the prohibitions of the Act. Sec. 923

is said to contain the licensing provisions, while Sec. 924 is described as the *penalty and forfeiture provisions* of the Act. Nothing comparable to present Sec. 924(c) was contained in the original Act, [P.L. 90–351—82 Stat. 197] but, rather, Sec. 924(c) of that Act is Sec. 924(d) of the present law.

Section 924 was first amended in 1968 by P.L. 90–618, 82 Stat. 1223, the Gun Control Act of 1968, and that year's U.S. Code Cong. and Adm.News p. 4411 says that the principal purpose of the amended Act "is to strengthen Federal controls over interstate and foreign commerce in firearms and to assist the States effectively to regulate firearms traffic within their borders." With this amendment, a subsection approximating present subsection (c) was added, and effective October 22, 1968, 18 U.S.C. § 924 (c) provided:

"(c) Whoever—

"(1) uses a firearm to commit any felony which may be prosecuted in a court of the United States, or

"(2) carries a firearm unlawfully during the commission of any felony which may be prosecuted in a court of the United States,

"shall be sentenced to a term of imprisonment for not less than one year nor more than 10 years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than five years nor more than 25 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of such person or give him a probationary sentence."

1968 U.S.Code Cong. and Adm.News p. 4431 comments with reference to the Conference Report on the new subsection as follows:

"Use of firearms in commission of crimes.—The House bill provided—in a provision added to chapter 44 of title 18—for a sentence of from 1 to 10 years for a first offense, and a sentence of from 5 to 25 years for a sub-

sequent offense, where a person uses a firearm to commit, or carries a firearm unlawfully during the commission of, a Federal felony. The House bill further provided that such sentence could not be suspended, that probation could not be granted, and that such sentence could not be imposed to run concurrently with any sentence imposed for such Federal felony committed.

"The Senate amendment provided—in a new chapter 116 added to title 18— for the imposition of an additional sentence of an indeterminate number of years up to life upon any person armed with a firearm while engaged in the commission of certain enumerated Federal felonies. The Senate amendment further provided that in the case of a subsequent conviction, the court could not suspend the sentence or grant probation.

"The conference substitute is identical to the House bill, except that the prohibitions on suspension of sentence and probation are applicable only to second and subsequent convictions and that concurrent sentencing under the section is not prohibited."

As background to the 1968 amendment, in the July 19, 1968, Congressional Record—House, p. 22229 et seq. we find that Mr. Casey offered an amendment seemingly making the use or carrying of any firearm in the commission of specified major offenses separately punishable. Mr. Poff then offered a substitute amendment which later became § 924(c). It is true that Mr. Poff said (p. 22231), "My substitute makes it a separate Federal crime to use a firearm in the commission of another Federal crime and invokes separate and supplemental penalties." However, on the next page of the Congressional Record the following exchange appears:

"MR. ICHORD. * * * Are you contemplating—the gentleman makes it a Federal offense, another separate Federal offense to use a firearm to commit any felony which may be committed. If during the commission of any felony wherein such firearm is used the party may be prosecuted in any court of the United States? Does the gentleman contemplate the second criminal proceeding or can this man be tried in the original proceeding where he was first tried?

"Mr. POFF. * * * The answer (to Mr. Ichord's) question is in the affirmative; namely, it would be expected that the prosecution for the basic felony and the prosecution under my substitute would constitute one proceeding out of which two separate penalties may grow."

In the September 16, 1968, Congressional Record—Senate, p. 26896, we find that Senator Hruska said:

"Penalty Provisions. Section 924 of title I of the committee bill contains an amendment offered by this Senator to increase the maximum penalties for violation of the law * * * *This amendment substantially increases the maximum penalties for violation of the act* but retains flexibility in the hands of appropriate Federal correctional officials to deal with those who show a substantial potential for rehabilitation * * * *"

In the next day's Senate Congressional Record it appears that Senator Dominick offered an amendment entitled "Use of Firearms in the Commission of Certain Crimes of Violence." That amendment provided:

"Whoever, while engaged in the commission of any offense which is a crime of violence punishable under this title, is armed with any firearm, may in addition to the punishment provided for the crime be punished by imprisonment for an indeterminate term of years up to life, as determined by the court * * * *"

As to his proposed amendment, Senator Dominick said:

"No new crime would be created. Penalties have just been increased when one particular element—a gun—is presented in the perpetration of the

enumerated crimes. As a result, there would be no additional strain on already overburdened courts."

This, then, is most of the legislative history of 18 U.S.C. § 924(c) as it was amended in 1968. It is difficult, indeed, to spell out of this legislative history any Congressional intent to create a separate substantive crime, and it is even more difficult to read into the language of the subsection a meaning which would in fact create such a crime.

As has been noted, the indictment here lies under a still later amendment— P.L. 91–644, Title II, § 13, 84 Stat. 1889, effective January 2, 1971. A study of that law discloses that Sec. 924(c) was the only section of 18 U.S.C. Chapter 44 —Firearms—which was amended by the 1970 Act, and that study lends no support to the government's argument. The definitions (§ 921), the unlawful acts (§ 922) and the licensing provisions (§ 923) all remain unchanged. The amendment in question appears in Laws of 91st Congress, 2nd Session, at page 2216. The full amendment was:

"TITLE II—STRICTER SENTENCES

"Sec. 13. Section 924(c) of title 18, United States Code, is amended to read as follows:

"(c) Whoever—

"(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

"(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,

"*shall, in addition to the punishment provided for the commission of such felony, be sentenced* to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years, and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, *nor shall the term of imprisonment imposed under this subsection run concurrently* with any term of imprisonment imposed for the commission of such felony."

To us, it is impossible to read this section as creating a separate substantive offense. The statute says only that a person who uses a firearm in the commission of a felony or who carries a firearm unlawfully during the commission of a felony, "shall, *in addition to the punishment provided for the commission of such felony, be sentenced.* \* \* \*" The statute does not say that use or possession of a gun is a separate crime. It deals only with punishment to be imposed upon conviction of "the commission of such felony," i. e., a felony prosecutable in the Federal Court. No other reading could be grammatical.

Admittedly, the Congressional Record underlying the 1970 amendment is somewhat self-contradictory. Senator Scott said as to the amendment [Congressional Record—Senate, October 8, 1970, S17574] that the Act "was to provide stricter sentences for criminals using firearms in the commission of Federal felonies." On the same page, Senator Mansfield described the amendment:

"\* \* \* what this does is to make it a crime itself the mere carrying of a gun in the commission of a crime. The sentence imposed will be in addition to and not concurrent, with the sentence for the underlying crime."

However, on December 17, 1970, [Congressional Record S20476] Senator Mansfield said:

"It was for this reason as well that I introduced S. 849, the stricter sentencing bill and am gratified to know that the bill—having passed the Senate unanimously—has become Title II of the pending measure \* \* \* With this stricter gun sentencing provision we have taken an effective step in the right direction."

The same page of the Congressional Record discloses that Senator McClellan said:

"It is quite simple. It means that the gun offender will be required to serve a separate and additional sentence for his act of using a gun. There is no discretion given. There is no way this additional sentence can be avoided."

1970 U.S.Code Cong. and Adm.News p. 5848 describes the amendment as being an amendment of the 1968 Gun Control Act and says:

"AMENDMENT TO THE GUN CONTROL ACT OF 1968

"The Senate amendment contained a provision not in the House bill *amending a section of the Gun Control Act of 1968 that imposes additional penalties for the use of a firearm to commit, or for carriage of a firearm unlawfully during the commission of, a Federal felony.* The Senate amendment reduced the minimum sentence for a second or subsequent offense from five to two years, and also provided that a sentence could not run concurrently with any sentence imposed for the underlying Federal felony. The conference substitute adopts the Senate amendment."

With all of this, the argument of the United States Attorney that 18 U.S.C. § 924(c) creates a separate substantive offense just does not jell. When Congress devoted several pages to phrasing Sec. 922 which creates the unlawful acts, it is difficult to accept an argument that Congress impliedly intended to create an offense under the section of the Act headed "Penalties." It may well be that from a defendant's standpoint, it doesn't make a whole lot of difference, because, if convicted, and if the factual requirements of Sec. 924(c) are established, he is going to get the same sentence anyway. But, this fact doesn't justify or permit the Government to charge a separate substantive offense, and a defendant can't be required to have a separate count of an indictment submitted to a jury. Also, whether the offense is separate could be of vital importance under some habitual criminal laws.

It is elementary that there are no constructive criminal offenses. United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457. Nothing is better settled than is the proposition that criminal statutes are to be strictly construed. United States v. Gaskin, 320 U.S. 527, 64 S.Ct. 318, 88 L.Ed. 287. We are not here directly concerned with the myriad of cases involving vagueness in a statute; rather, we are confronted with a statute which by its terms does not create an offense, although another section of the same Act spells out in careful detail the acts made unlawful by the statute, but omits from its coverage any suggestion that the act charged in Count II of this indictment is, in and of itself, a separate crime. Sec. 924(c) is not a true recidivist statute, but it has many similarities. It is more nearly a "second offender's" statute, quite similar in impact with 26 U.S.C. § 7237(c), and under that section, counts charging a second substantive offense merely because of a prior conviction are not recognized—rather, the section is treated as one requiring stricter and additional punishment. United States v. Bell, (7 Cir.) (1965) 345 F.2d 354; Munich v. United States, (9 Cir.) (1964) 337 F.2d 356; Sorey v. United States, (5 Cir.) (1961) 291 F.2d 826; United States v. Wilson, (2 Cir.) (1968) 404 F.2d 531; United States v. Beltram, (2 Cir.) (1968) 388 F.2d 449.

In Gryger v. Burke, (1947) 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683, under consideration was Pennsylvania's habitual criminal law. The Court there said:

"The sentence as a fourth offender or habitual criminal is not to be viewed as either a jeopardy or additional penalty for the earlier crimes. *It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.*"

Here, Congress has directed that where a man is unlawfully carrying a

gun in the commission of an offense which is subject to prosecution in a Federal Court, a stiffer penalty must be imposed, and the evidence showed that defendant's possession of a gun was unlawful because of a prior state court conviction.[1] Under that evidence, the stricter penalty demanded by 18 U.S.C. § 924(c) must be imposed, but it is to be imposed after and as a result of defendant's conviction under Count I—not on the basis of an attempt to charge in Count II that defendant violated the sentencing provisions of Section 924 (c).

It is for these reasons that Count II of the indictment was dismissed.

---

1. The Court is not unaware of some of the many problems which may arise in determining when possession of a gun is unlawful, but, at least here, the question is not troublesome, because defendant was a state-convicted felon, prohibited by state and federal law from possessing a gun. Manifestly, he could have been charged under 18 U.S.C. § 1202, Appendix, but this charge the United States Attorney did not make.