**UNITED STATES of America, Plaintiff,**

**v.**

**Mariana De VITERI and Mariano Guerrero, Defendants.**

**No. 72–CR–457.**

United States District Court, E. D. New York.

June 28, 1972.

Paul E. Warburgh, Jr., Asst. U. S. Atty., Robert A. Morse, U. S. Atty., E. D. N. Y., for the Government.

Melvin Rubin, Zapata & Halbert, New York City, for defendant Mariano Guerrero.

ZAVATT, Senior District Judge.

The co-defendant Mariano Guerrero (Guerrero) has been indicted and charged with a substantive count of illegal importation of cocaine (Count One) and a conspiracy count to possess cocaine with intent to distribute the same (Count Two). The conspiracy count does not allege any overt acts in furtherance of the conspiracy by either Guerrero or his alleged co-conspirator, the co-defendant De Viteri.

Guerrero has moved to dismiss the indictment on several grounds:

1. it fails to allege facts constituting a crime against the United States;
2. it fails to allege facts over which this Court has jurisdiction;
3. it is vague and uncertain;
4. it states conclusions rather than facts.

Upon the argument of the defendant's motion, defendant's counsel specifically attacked only Count Two of the indictment on the ground that it fails to allege a crime because it does not allege any overt acts.

18 U.S.C. § 371 is the general conspiracy statute. It has been construed to require that the indictment include an overt act, because the statute, by its terms, requires not only a conspiracy but also that one or more of the conspirators "do any act to effect the object of the conspiracy."

Congress enacted a special statute with reference to the importation, receipt, concealment, purchase or sale of any narcotic drug, after having been imported into the United States, and also with reference to a conspiracy "to commit any of such acts." 21 U.S.C. § 174 (with reference to any narcotic drug) and 21 U.S.C. § 176a (with reference to marijuana). These two sections of the United States Code (later repealed) did not, by their terms, require an overt act as a part of the crime of conspiracy. The language of these two sections, with reference to conspiracy, was added by the so-called Bogg's Act, 65 Stat. 767 (1951).

Following this 1951 amendment, several cases arose in which indictments, charging a conspiracy under §§ 174 and 176a, did not allege any overt acts. The first such case, squarely raising the question as to the adequacy of the indictment, was United States v. Gardner, 202 F.Supp. 256 (N.D.Cal.1962). In a well-reasoned opinion, Judge Carter de-

nied a motion to dismiss conspiracy counts charging violations of 21 U.S.C. §§ 174 and 176a, upon the ground that a conspiracy to violate § 174 or 176a, is a specific crime which does not require an allegation of overt acts in the indictment. *See also* Ewing v. United States, 386 F.2d 10 (9th Cir. 1967), cert. denied, 390 U.S. 991, 88 S.Ct. 1192, 19 L. Ed.2d 1299 (1968); Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967); United States v. Garfoli, 324 F.2d 909 (7th Cir. 1963). This Circuit has not ruled on the precise issue presented in United States v. Gardner, *supra.* In United States v. Armone, 363 F.2d 385 (2d Cir. 1966), the court remarked:

"We note at the outset of discussion of this issue [whether the government did prove an overt act in furtherance of the alleged conspiracy under 21 U. S.C. § 174] that the narcotics statute here involved contains a conspiracy provision which, unlike the general conspiracy statute, 18 U.S.C. § 371, does not in terms require the doing of 'any act to effect the object of the conspiracy.' One district court has concluded that an overt act need not be proven under 21 U.S.C. § 174. United States v. Gardner, 202 F.Supp. 256 (N.D.Cal.1962) . . . [W]e do not think it necessary to explore this issue."

Id. at 396.

*See also* United States v. Clayton, 450 F. 2d 16, n. 14 (1st Cir. 1971). The *Armone* and *Clayton* cases indicate that neither the 1st nor 2nd Circuits have ruled on the question.

Sections 174 and 176a of Title 21 are not unique in not requiring an overt act as an essential element of the crime of conspiracy. Section 11 of the Selective Training and Service Act of 1940, 54 Stat. 894–895, made it a crime to commit any of the substantive acts enumerated therein "or [to] conspire to do so." In Singer v. United States, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945), the indictment charged two defendants with having conspired to aid Singer in evading service in the armed forces. It did not allege any overt act. The judgment of conviction was affirmed. The Court held that "The section does not require an overt act for the offense of conspiracy." Id. at 340, 65 S.Ct. at 283. To the same effect, *see also* United States v. O'Connell, 126 F.2d 807 (2d Cir.), cert. denied, Houlihan v. United States, 316 U.S. 700, 62 S.Ct. 1297, 86 L.Ed. 1769 (1942).

In October of 1970, a new drug law, "Drug Abuse Prevention and Control Act", 21 U.S.C. § 801 et seq., was enacted in order to unify and integrate the various drug statutes that were contained in several titles of the United States Code. See 1970 U.S.Code Cong. & Admin.News at p. 4367. 21 U.S.C. § 846 is a conspiracy section which provides that "any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment . . ."

The court has not been able to find any judicial decisions, with reference to this relatively new section of the Code, on the issue of whether or not overt acts need be alleged in an indictment grounded on 21 U.S.C. § 846. There is no legislative history reporting any discussion of this conspiracy section. But, from the declared purpose of the entire Drug Abuse Prevention and Control Act of 1970, there does not appear to have been any intention or attempt on the part of the Congress to change the previous law, relating to narcotics conspiracies, contained in 21 U.S.C. §§ 174 and 176a.

■ Count Two (the conspiracy count) of the instant indictment is grounded on 21 U.S.C. § 846. The motion to dismiss the indictment for failure to allege any overt act is hereby denied.

■ The defendant has also moved to require the government to state all of the overt acts "claimed by the United States of America to have been committed by the defendant or co-defendant or any other person on behalf of said conspiracy." In essence, the defendant

Guerrero is seeking an order that would require the government to disclose all of its evidence in support of the conspiracy count. This motion is denied.

This is an order.