STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. FRANCISCO HERNANDEZ AND WALTER RUTKOWSKI, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 11, 1978—Decided May 12, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. James T. O'Halloran,* Hudson County Prosecutor, attorney for appellant (*Mr. Maurice J. Maloney,* Assistant Prosecutor, on the brief).

*Mr. Stanley C. Van Ness,* Public Defender, attorney for respondent Hernandez (*Mr. William E. Norris,* First Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Isidore Hornstein,* attorney for respondent Rutkowski.

PER CURIAM. As in *State v. Clark,* 151 *N. J. Super.* 529 (App. Div. 1977), the sole issue here is whether the State must allege an overt act in furtherance of the object of a conspiracy to violate the drug laws in an indictment brought under *N. J. S. A.* 24:21–24(a). The trial judge held such pleading necessary and dismissed the conspiracy count against the named defendants for failure to allege overt acts. The State did not move to amend the indictment.

*N. J. S. A.* 24:21–24(a) provides:

Any person who attempts, endeavors or conspires to commit any offense defined in this act is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the endeavor of conspiracy.

Count 1 of the indictment here involved paraphrased the

statute and charged all the defendants with a conspiracy.[1] The second and third counts charged two codefendants (not parties to this appeal) with possession, and possession with intent to distribute.

Prior to the passage in 1970 of the New Jersey Controlled Dangerous Substances Act, *N. J. S. A.* 24:21–1 *et seq.*, of which the statute in question is part, a conspiracy to violate the drug laws was prosecuted under *N. J. S. A.* 2A:98–1.[2] *State v. Dennis,* 43 *N. J.* 418, 423 (1964). Under that statute the State must allege one or more overt acts to make conspiracy an indictable offense, *N. J. S. A.* 2A:98–2, and prove at least one of the overt acts for a conviction. *State v. Malaspina,* 120 *N. J. Super.* 26, 29 (App. Div. 1972), certif. den. 62 *N. J.* 75 (1972) ; *State v. Hemmen-*

---

[1] It alleged that defendants:

\* \* \* on divers dates between on or about the 11th day of March, 1975, and the 21st day of March, 1975, in the Township of Weehawken, in the County of Hudson aforesaid, and within the jurisdiction of this court, did unlawfully, feloniously and corruptly attempt, endeavor and conspire together to dispense or distribute various controlled dangerous substances, contrary to the provisions of *R. S.* 24:21–24 against the peace of this State, the Government and dignity of the same.

[2] Any 2 or more persons who conspire:
a. To commit a crime; or
b. Falsely and maliciously to indict another for a crime, or to procure another to be charged or arrested; or
c. Falsely to institute and maintain any suit; or
d. To cheat and defraud a person of any property by means which are in themselves criminal; or
e. To cheat and defraud a person of any property by any means which, if executed, would amount to a cheat; or
f. To obtain money by false pretenses; or
g. To conceal or spread any contagious disease; or
h. To commit any act for the perversion or obstruction of justice or the due administration of the laws —
Are guilty of a conspiracy and each shall be punished, in the case of a conspiracy to commit a crime involving the possession, sale or use of narcotic drugs, as for a. high misdemeanor and in all other cases, as for a misdemeanor.

*dinger,* 100 *N. J. L.* 234, 237 (Sup. Ct. 1924), aff'd o. b. 101 *N. J. L.* 417 (E. & A. 1925); *State v. Dixon,* 133 *N. J. L.* 348, 349 (Sup. Ct. 1945).

The trial judge found that *N. J. S. A.* 24:21–24(a) changed the penalty for conspiring to violate the narcotic laws from a high misdemeanor to the particular maximum penalty prescribed for the offense which was the object of the conspiracy, and did not affect the provisions of *N. J. S. A.* 2A:98–2 requiring an overt act. Relying on *State v· Malaspina,* above, he held that absent allegation of an overt act the indictment was deficient and must be dismissed.

The State argues that *N. J. S. A.* 24:21–24(a) is a separate distinct offense from that established under *N. J. S. A.* 2A:98–1 and, therefore, that the provisions of *N. J. S. A.* 2A:98–2 do not apply. Thus, in the absence of any express language, conspiracy under the statute is on "the common law footing" requiring no allegation or proof of an overt act for conviction.

At common law no overt act had to be shown to establish the crime of conspiracy. *State v. Cormier,* 46 *N. J.* 494, 508 (1966); *State v. Carbone,* 10 *N. J.* 329, 336–338 (1952). *N. J. S. A.* 2A:98–1 has not preempted common law conspiracy. *State v. O'Brien,* 136 *N. J. L.* 118, 124 (Sup. Ct. 1947); *State v. Norton,* 23 *N. J. L.* 33, 40–43 (Sup. Ct. 1850).

At common law a conspiracy might have been a plan to commit a crime (now superseded by *N. J. S. A.* 2A:98–1, fn. 1, above) or it might also have involved a scheme between two or more individuals to cause a civil injury or to prejudice the public, or to injure or oppress individuals by unjustly subjecting them to the power of the conspirators through extortion or like means. *State v. Norton,* above; *State v. Donaldson,* 32 *N. J. L.* 151 (Sup. Ct. 1867); *State v. Loog,* 13 *N. J. Misc.* 536, 179 *A.* 623 (Sup. Ct. 1935), aff'd 117 *N. J. L.* 442 (E. & A. 1937); *State v. Continental Purchasing Co., Inc.,* 119 *N. J. L.* 257, 260 (Sup. Ct. 1938), aff'd o. b. 121 *N. J. L.* 76 (1938). *State*

*v. McFeely,* 25 *N. J. Misc.* 303, 304, 52 *A.* 2d 823 (Qtr. Sess. 1947).

Under *N. J. S. A.* 2A:85–1, the statute which perpetuates common law conspiracy, that crime exists only where it is not *otherwise* expressly provided for by statute. Compare: *State v. Maier,* 13 *N. J.* 235, 238 (1953), and *State v. Cybulski,* 31 *N. J. Super.* 164, 166 (App. Div. 1954). In this State conspiracy to commit a crime is expressly prohibited by *N. J. S. A.* 2A:98–1. *State v. Carbone,* 10 *N. J.* 329, 338 (1952).

At common law no overt act had to be shown to establish the crime of conspiracy. The common law still obtains in this State as to the common law felonies but not as to other crimes. *N. J. S. A.* 2A:98–2. As to crimes other than the common law felonies, the statute mentioned requires that "no person shall be convicted and punished for conspiracy unless some act be done to effect the object thereof by 1 or more of the parties thereto." [*State v. Malaspina,* above, 120 *N. J. Super.* at 28]

Acceptance of the State's argument requires the creation by implication of an exception to *N. J. S. A.* 2A:98–2 in addition to the crimes explicitly excepted therein. We cannot conclude that *N. J. S. A.* 24:21–24(a), in the absence of any express language, has changed that law.

We also find reliance on federal law interpreting a somewhat similar federal statute to be unpersuasive. Federal courts have held that 21 *U. S. C. A.* § 846[3] or its predecessors create separate and distinct conspiracy offenses from that under the general conspiracy statute[4] requiring an overt

---

[3]Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

[4]18 *U. S. C. A.* § 371 states, in pertinent part:

If two or more persons conspire either to commit any offense again the United States, or to defraud the United States, or any

act. Thus, in the absence of any express language, an overt act need not be averred or proven, the crime being on "the common law footing." *United States v. Dreyer,* 533 *F.* 2d 112, 117 (3 Cir. 1976); *United States v. Bermudez,* 526 *F.* 2d 89, 94 (2 Cir. 1975), *cert.* den. 425 *U. S.* 970, 96 *S. Ct.* 2166, 48 *L. Ed.* 2d 793 (1976); *United States v. Garfoli,* 324 *F.* 2d 909, 910–911 (7 Cir. 1963); *United States v. DeViteri,* 350 *F. Supp.* 550, 551–552 (E. D. N. Y. 1972); *United States v. Gardner,* 202 *F. Supp.* 256, 257–261 (N. D. Cal. 1962); *cf. Singer v. United States,* 323 *U. S.* 338, 65 *S. Ct.* 282, 89 *L. Ed.* 285 (1945); *Nash v. United States,* 229 *U. S.* 373, 378, 33 *S. Ct.* 780, 782, 57 *L. Ed.* 1232, 1236 (1913). However, no counterpart to *N. J. S. A.* 2A:98–2 exists in federal law limiting convictions of conspiracies to commit crimes on a common law basis to common law felonies.

■ We disagree with the holding of our brothers in *State v. Clark,* above, and conclude that to charge the crime of conspiracy to violate the drug laws under *N. J. S. A.* 24:21–24(a), the State must allege in the indictment an **overt act** in furtherance of the object of the conspiracy. *N. J. S. A.* 2A:98–2; *State v. Malaspina,* above.

Affirmed.

CRANE, J. A. D. (dissenting). I respectfully dissent from the views of my colleagues for the reasons expressed in *State v. Clark,* 151 *N. J. Super.* 529 (App. Div. 1977).

agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, * * *.