**Philip Elliott SIEGEL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 77–5535–Civ–EPS.

United States District Court, S. D. Florida, Miami Division.

Feb. 11, 1980.

Bennett H. Brummer, Federal Public Defender, Miami, Fla., for petitioner.

Pedro J. Durand, Sp. Atty., U. S. Dept. of Justice, Miami, Fla., for respondent.

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

SPELLMAN, District Judge.

The Petitioner, Philip Elliott Siegel, was charged in two counts of a five-count indictment with conspiracy under 21 U.S.C. §§ 846 and 963 to import and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841 and 952 (Count I) and the importation of cocaine and marijuana in violation of 21 U.S.C. § 952(a) (Count II). The maximum possible sentence under these sections is fifteen years with a three-year special parole term with respect to the cocaine; and five years with a two-year special parole term for the marijuana.

With regard to Count I, the jury was instructed that the Defendant was charged with conspiracy to import and to possess with intent to distribute *both* cocaine *and* marijuana; and was twice instructed that the first essential element of the offense was that the conspiracy *described in the indictment* was formed and was existing at or about the time alleged. As to Count II, the Court instructed the jury that the first essential element was that the Defendant imported marijuana *and* cocaine into the United States; and the second essential element was that the Defendant imported the marijuana *and* cocaine knowingly and intentionally.

Petitioner was found guilty on both counts by a jury and sentenced to twelve years in prison to be followed by a three-year special parole term on each count, such terms to run concurrently.

Siegel now files a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, contending that Counts I and II of the indictment under which he was convicted were duplicitous, and the defect was not cured by the trial court's instructions to the jury. He argues that, as a result, the sentence imposed was an impermissible general sentence in excess of the statutory maximum for the marijuana violations.

■ Duplicity has been defined as the joinder of two or more separate offenses in a single count. *United States v. Chrane*, 529 F.2d 1236, 1237 n. 4 (5th Cir. 1976); *United States v. Starks*, 515 F.2d 112, 116 (3rd Cir. 1975). The District of Columbia Circuit has held that a conspiracy to violate several narcotics statutes which contain their own "built in" conspiracy provisions with varying penalties may be alleged in one count. *Brown v. United States*, 112 U.S.App.D.C. 57, 59, 299 F.2d 438, 440 (D.C. Cir. 1962). The Fifth Circuit has likewise held that an indictment which charges defendant with a single conspiracy that includes as its objective several separate substantive offenses is not duplicitous. *United States v. Croucher*, 532 F.2d 1042, 1044 (5th Cir. 1976); *Overstreet v. United States*, 321 F.2d 459, 461 (5th Cir. 1963). However, defendant here was charged in Count I with two distinct conspiracies carrying different penalties; and in Count II with two substantive offenses which also differ in maxi-

mum allowable punishment. Therefore, it appears that Counts I and II are both duplicitous.

The Government argues that the Court's instructions to the jury corrected any deficiency in the indictment. In response, Petitioner cites *United States v. Starks, supra,* wherein the Third Circuit articulated the dangers inherent in a duplicitous count; a general verdict of guilty does not disclose whether the jury convicted the defendant of either crime or both. Consequently, such a verdict could prejudice the defendant in sentencing and upon appellate review. *Id.* at 116. In *Starks,* the trial court instructed the jury that it must find each defendant guilty of both offenses in order to convict. The Third Circuit found the jury charge insufficient to cure the defect. *Id.* at 118. *But see St. Clair v. United States,* 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936, where the Supreme Court held that, although the jury could properly have found the defendant guilty of a lesser offense, its general verdict of guilty would be construed as if it had used the added words "as charged in the indictment." In *Starks,* the defendants objected to the indictment prior to trial. Here, Siegel did not raise the issue until the filing of this § 2255 motion although he had an opportunity to do so by objecting to the form of the indictment or the jury charge given by the trial court, requesting a special verdict form or requesting clarification of the verdict prior to sentencing.

■ According to Rule 12(b)(2) of the Federal Rules of Criminal Procedure:

(b) . . . The following must be raised prior to trial:

. . . (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense).

The Rule codified a long-standing policy that objections to an indictment on the basis of duplicity must be asserted prior to trial or they are waived. *See Durland v. United States,* 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1898). This course is consistently followed in the Fifth Circuit. *United States v. Rabstein,* 554 F.2d 190, 194 (5th Cir. 1966); *United States v. Busard,* 524 F.2d 72, 73 (5th Cir. 1976); *Williams v. United States,* 238 F.2d 215, 221 (5th Cir. 1956), *cert. denied,* 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957).

Petitioner cites *United States v. Shackelford,* 180 F.Supp. 857 (S.D.N.Y.1957), where the District Court found error in a count enumerating multiple statutes carrying different penalties. While he acknowledged the cases holding that objections to an allegedly duplicitous indictment must be timely raised, the judge attempted to distinguish them, holding that an objection to such a count could be raised for the first time by a § 2255 motion if the two offenses charged in the count are not subject to punishment of the same severity. *Id.* at 860.

Although *Shackelford* never went to the appellate level, the Second Circuit, in a similar case, expressed its disapproval of the District Court's holding:

True it is that in a case involving the identical count of the indictment presently before us it was held that an objection to a duplicitous count may be raised for the first time by a motion under 28 U.S.C. § 2255 if the two offenses charged in the count are not subject to punishment of the same severity. *United States v. Shackelford,* D.C.S.D.N.Y.1957, 180 F.Supp. 857. The prior cases offer no support for this distinction, and we think it peculiarly inapposite where no defense has been offered that would rationally permit a verdict of guilty under the statute which imposes the lesser penalty, . . . but not under the statute which imposes the greater penalty. . . . We hold that appellants have waived any objection to any duplicity in the indictment.

*United States v. Galgano,* 281 F.2d 908, 911 (2nd Cir. 1960). The Fifth Circuit also follows this view. *See Masi v. United States,* 223 F.2d 132 (5th Cir. 1955), *cert. denied,* 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805.

While the indictment is concededly duplicitous, this Court cannot ignore established precedent. Siegel's failure to raise a timely objection constituted an effective waiver and his sentence is not now subject to attack under a § 2255 motion. It is therefore

ORDERED AND ADJUDGED that Petitioner's Motion to Vacate Sentence be and the same is hereby DENIED.